## LAMPKIN v. GARWOOD.

1. While the plaintiff's petition was encumbered with some irrelvant matter which should have been stricken on special demurrer, it set forth a cause of action based on the alleged breach of a written covenant whereby the defendant undertook to pay off and discharge a lien on land which was received by the plaintiff under an agreement to which they and others were parties. The allegations of the plaintiff as to the circumstances under which she paid off this lien, in order to perfect a sale of the land, were relevant to the case stated.

2. Though the plaintiff charged in general terms that the defendant had acted in bad faith in failing to comply with his covenant, no facts were set forth in the petition which would authorize a recovery of attorney's fees under Civil Code, § 3796. Nor was her claim for traveling expenses incurred in effecting a settlement with the holders of the lien recoverable under the written contract declared on, or under that section of the code.

3. No recovery in favor of the plaintiff was warranted by the evidence, she having failed to show what amount the defendant was liable to pay under his covenant to remove the lien upon her land.

4. The assignments of error touching the admission of evidence were not well taken, it appearing that the trial judge, who tried the case without a jury, ruled that the evidence objected to was incompetent to prove the contentions of the plaintiff, and was not regarded by him as having any probative value in sustaining the same.

Argued February 4,—Decided March 8, 1905.

Complaint. Before Judge Reid. City court of Atlanta. May term, 1904.

*Felder & Rountree*, for plaintiff in error.
*John L. Hopkins & Sons*, contra.

EVANS, J. On December 12, 1898, Mrs. Alice L. Garwood, A. C. Lampkin and others interested in certain pending litigation, entered into a written agreement, the purpose of which was to settle all differences of the parties and to make division amongst them of a fund in controversy, as well as to determine their respective interests in certain city lots in Macon. Under the terms of this agreement, Mrs. Garwood was to receive a deed to the land in Macon, free from encumbrances, and Lampkin agreed to pay to Steed & Wimberly, a firm of attorneys who had been employed to bring a suit to recover the land, a fee for the services which that firm had rendered in that suit. The amount of this fee was not stated in the contract. It appears, however that W. P. Calhoun and Steed & Wimberly, as attorneys for the plaintiffs in the suit, had filed a lien against the land for $250 attorney's

fees, which lien remained unsatisfied as to Steed & Wimberly. A deed was made to Mrs. Garwood in accordance with the terms of the written agreement. In the fall of 1902, she entered into negotiations for a sale of the land, but the attorneys of her prospective purchaser called attention to the outstanding lien against the land, and declined to pass the title till this lien was removed. Lampkin was notified of this condition of affairs, but failed to give any attention to the matter. Mrs. Garwood thereupon paid over to C. P. Steed, as the representative of the firm of Steed & Wimberly, $100, an amount which he claimed was due to that firm for the services rendered, in addition to the sum of $70 which had theretofore been paid by Lampkin. At the same time Steed gave his receipt for this payment of $100, therein stipulating that "if it should appear within six months from [its] date that said fee has been paid and settled in full with Steed and Wimberly by A. C. Lampkin," then the $100 was to be returned, but otherwise was to be retained as money due that firm. Mrs. Garwood notified Lampkin of this arrangement, and put him on notice that should the $100 be forfeited under the agreement between her and Steed, she would hold him (Lampkin) responsible for that amount; but he took no steps to prevent the forfeiture, and on April 29, 1903, the time named in the agreement for settling the matter expired. In June of that year Mrs. Garwood brought suit against Lampkin upon the written agreement to which they were parties, alleging that he had committed a breach of his covenant to pay the fee of Steed & Wimberly, and that she had been compelled, in order to close her trade for the sale of the land, to pay that firm $100 under the conditions above mentioned. She further alleged that it was necessary for her to make two trips to Macon in order to have the lien on the land removed, and that she expended for railroad fare the sum of $12, which amount she was entitled to recover in addition to the amount paid to Steed & Wimberly. She further charged Lampkin with having acted in bad faith, and claimed to be damaged thereby in the sum of $50, an expense incurred by her in employing attorneys and bringing suit. Another item of damages set forth in her petition was subsequently stricken therefrom by way of amendment. The defendant demurred to the petition, on both general and special grounds, and also filed an answer in which he

denied having made any breach of covenant, having, as he asserted, "complied with each and every covenant and stipulation in the contract of settlement, including the payment to Steed & Wimberly of their fee for the recovery of the land referred to." The defendant's demurrer was overruled, and the case was then tried before the presiding judge without the intervention of a jury, and a judgment for $162, besides interest and costs, was rendered in favor of the plaintiff. The defendant made a motion for a new trial, but it was overruled. He is now here complaining of the overruling of his demurrer, and of the refusal of the court to grant him a new trial.

1. The trial judge properly declined to dismiss the action on general demurrer. While the plaintiff's petition was encumbered with much irrelevant matter, yet it set forth a cause of action based on an alleged breach of a clear and definite contract in writing; and if she proved her case as laid, she would be entitled to recover the amount she expended in discharging the lien on the land, provided such amount was not in excess of the sum for which Steed & Wimberly could rightly foreclose that lien. By special demurrer the defendant set up the contention that the plaintiff's complaint was barred by the statute of limitations; but on the argument before us, counsel for the plaintiff in error announced that this point was abandoned. The whole of paragraphs five, six, seven, and eight of the petition were demurred to on the ground that the allegations therein were irrelevant and impertinent. In these paragraphs the plaintiff alleged her inability to perfect a sale of the land on account of the unsatisfied lien for attorney's fees, the arrangement she made with Steed in order to get this lien removed, and Lampkin's failure to take any steps in the matter, though he was notified of this arrangement and called on to do so. These allegations were pertinent to the case, as showing that Steed & Wimberly were asserting the lien which Lampkin had agreed to satisfy, and that Mrs. Garwood was compelled to settle the claim of that firm before she could dispose of the land. If this claim was just and unpaid, her allegations show that she was entitled to recover the amount she expended in settling the same, together with interest on that amount from the date of settlement. In the same connection the plaintiff averred that the defendant, instead of paying Steed

& Wimberly $250 in full of the fee due that firm, only paid $70 thereof, and the lien was therefore not removed from the land, of which fact she was not aware until some time subsequently, as she had relied on the defendant paying off the amount of the lien, in order that the land which had been conveyed to her might be free from encumbrance, as was his agreement under the settlement had of their previous controversies. To the allegations that she relied on the defendant to carry out his agreement, and did not know of his failure to do so until some time after the land had been conveyed to her, the defendant specially demurred on the ground that these averments were also irrelevant and impertinent. We think otherwise. The plaintiff should have been allowed some latitude in setting forth the history of her grievance and explaining when and how she discovered that the defendant had committed a breach of his covenant.

Certain other allegations, against which the same objection was urged, ought, however, to have been stricken. Besides stressing the fact that the defendant was her brother, which was wholly immaterial, the plaintiff alleged that during the fall of the year, when she was trying to perfect a sale of the land and desired to leave the State, "her bad health and nervous condition was very greatly aggravated by the matter and the refusal of said Lampkin to assist her in it, which in equity and good conscience he should have done." Granting that this was true, it neither gave rise to any cause of action against the defendant nor illustrated any point or issue in the case. Such allegations, in a suit for a breach of contract, not only have no place in legitimate pleading, but are calculated to mislead and prejudice the jury, if read in their hearing or commented on in the argument of the case by the plaintiff.

2. While the plaintiff alleged in general terms that the defendant had acted in bad faith in taking no steps to remove the lien for attorney's fees, as he was under a contract obligation to do, she set forth no facts which would authorize a recovery of the expenses of the litigation, including her counsel fees. This point was directly made by the special demurrer. Mere failure to meet a money obligation will not, of itself alone, authorize a recovery of damages under the Civil Code, § 3796, which provides that the expenses of litigation may be recovered of a defendant who has

acted in bad faith. " Some defendants fail to pay because they are not able, others because they are not willing, and many because they dispute the liability." *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 386. The defendant in the present case is not charged with having done anything to defraud or mislead the plaintiff or interfere with her property rights, but simply with having failed and refused to comply with his covenant to pay an amount due to a firm of attorneys who had filed a lien for their services in recovering the land which the plaintiff received under the terms of settlement set forth in her petition.

Nor was the plaintiff entitled to recover the item of $12, which represented the amount she had expended in railroad fare in going to Macon to attend to the matter of freeing her land from that lien. It could not be recovered under the section of the code above cited, for the reason that she did not set forth facts upon which to base her charge of bad faith; and certainly this was not an item which was recoverable under the contract sued on, not being within the contemplation of the parties thereto. On the contrary, the measure of damages for the alleged breach of covenant was the amount of money necessary to-discharge the interest of Steed & Wimberly in the lien on the land, with interest on that amount from the date of payment.

3. On the trial of the case, the plaintiff proved that she had, as alleged, paid to the firm of Steed & Wimberly $100, in order to get that firm to relinquish their interest in the lien for $250 which had been filed in its name and that of W. P. Calhoun. It also appeared that the interest which Calhoun had in this lien had been assigned to the defendant, who had paid to Steed & Wimberly $70 on their claim for attorney's fees, and who testified this amount was accepted by that firm in full of all demands for the services rendered by its members. The plaintiff offered testimony tending to show that Steed & Wimberly declined to accept this sum in full settlement, and asserted a claim of $100 additional as their interest in the lien ; but there was no proof whatever going to show the amount of fees which that firm was, under any express contract, entitled to, nor any evidence as to what the services rendered by that firm were reasonably worth. This being so, the plaintiff failed to make out her case. What she voluntarily paid to Steed & Wimberly to settle their claim for fees was no

criterion of the defendant's liability, in the absence of proof that this claim was just and enforceable.    Though Steed testified by interrogatories sued out by the plaintiff, he did not undertake to say his firm was employed under any contract whereby its fees were fixed, or to give any information as to facts or circumstances showing what interest his firm really had in the claim of lien, or to assert that the $100 demanded of Mrs. Garwood represented the amount which his firm was entitled to receive in order to settle in full their interest in the lien.    Accordingly, the trial judge erred in giving judgment in her favor in any amount.

4. The motion for a new trial contains various assignments of error touching the admission of evidence, on the ground that better evidence than offered was obtainable, and on similar grounds. But it appears that the judge recognized as sound the objections urged against the evidence, and stated that in admitting the same he was influenced by the fact that the cause was being heard by the court without a jury, and he only allowed the testimony as showing the contentions of the parties, and not as proper proof thereof.    We shall not, therefore, undertake to deal further with these assignments of error, as doubtless the court will, if the case should on the next hearing be submitted to a jury, confine the introduction of evidence to that which is wholly unobjectionable.

*Judgment reversed.    All the Justices concur.*