*Francis H. Harris,* contra.

---

933.  PRICE v. THOMPSON et al.

1. Rent may be paid in labor in improving the rented premises, as well as in any other specific.

2. A distress warrant for rent due a landlord may be levied upon any property of the tenant, and the filing of a counter-affidavit by the latter is equivalent to an admission that the property levied upon is his property.

3. Although a parol contract for the lease of lands may be void under the statute of frauds, still, where one goes into possession thereunder, a tenancy at will is created, and one who has derived all the benefits arising from such a contract will not be heard to avail himself of the defense that the contract was not in writing.

Certiorari, from Johnson superior court—Judge Rawlings. November 30, 1907.

Submitted February 18,—Decided March 16, 1908.

*E. L. Stephens,* for plaintiff in error.  *A. L. Hatcher,* contra.

RUSSELL, J.  Price brought a petition for certiorari, to set aside the foreclosure of a distress warrant; and he excepts to the judgment overruling his petition. It appears that a distress warrant was sworn out in a justice's court; to which the defendant, Price, filed a counter-affidavit. Upon the trial of the issue in the justice's court, it was uncontradicted, in the evidence, that Price

rented a plantation in 1901 from W. A. Sinquefield as agent for Mrs. H. G. Sinquefield and Dollie Thompson and as guardian for Lofton Thompson. The rent contract was verbal, but Price went into possession and remained in possession the whole six years. Price agreed to pay 8,000 pounds of cotton per year for the rent of a four-horse farm, and in addition, as part of the rent, he was to split and put up 2,000 rails each year. The distress warrant was sworn out on January 14, 1907, and the lease expired January 1, 1907. Price paid the 8,000 pounds of cotton on the rent for 1906, some time in November of that year, but, upon the expiration of his lease, moved away without having repaired the fences by splitting and putting up the 2,000 rails for 1906, as he had contracted to do; and the distress warrant issued for $30, claimed as rent, which was supposed to be the worth of the splitting and hauling of the rails. There was no evidence that the property levied upon by the distress warrant was made upon the rented premises, or was there at the time of the levy, and no evidence that it was the property of the defendant Price. The plaintiff's testimony was to the effect, however, that the splitting and putting up of the 2,000 rails was a part of the rent contract. Price, in his petition for certiorari, excepted to the judgment against him for $20, for rent, because the verdict was contrary to evidence and without evidence to support it; also because the judgment was contrary to law, because the evidence failed to show that the property levied upon was raised on the premises rented by plaintiff to defendant, and showed that defendant had paid the 8,000 pounds of cotton before the distress warrant was sued out; also because it was not shown that the property was the property of the defendant when levied upon; and further because the indebtedness, if any, was not for rent; and even if it had been made for rent, the contract having been made in 1901 and being verbal, and the rent claimed being for 1906, the contract was void under the statute of frauds. The question really raised by the various exceptions (all of which we do not mention) is, whether, as a matter of law, under the undisputed testimony, the plaintiff was entitled to a judgment upon the distress warrant.

1. We think, as the verdict does not exceed the amount proved, as to the value of the rails to be furnished, the judge did not err in overruling the certiorari. The splitting and putting up of the

rails could well be considered as much a part of the rent as the cotton; for the party who made the contract testified that but for the provision in regard to the rails, he would have charged more cotton for the rent of the plantation. And Price viewed the contract this way for five years. The plaintiff was not entitled to $30, and the justice's court properly disregarded the $10 charged for hauling the rails; but he had the right to recover the proved value of the splitting of the 2,000 rails, shown to be $20. There is no question but that the original contract in regard to the rails can be construed as rent; because rent can be paid in specifics as well as in money. There is nothing in the evidence to convey an intimation that the agreement as to the splitting and hauling of the rails was in the nature of a contract for repairs, independent of the agreement with reference to the rent. On the contrary, Mr. Sinquefield testified that this stipulation was an essential of the contract.

2. There is nothing in the point that there was no proof that the property levied on was the property of the defendant in the distress warrant, or that there was no proof that the property levied on was grown on the rented premises. A distress warrant for rent due a landlord may be upon any property of a tenant, and the filing of the counter-affidavit by the latter is, in effect, an admission that the property levied upon is his property.

3. Under the facts of this case, it is not necessary for us to determine whether or not the contract of rental was void generally because contrary to the statute of frauds. We concede that for the purpose of creating the ordinary relation of landlord and tenant (and especially so far as the rights of third parties might be concerned), this verbal contract for a period of six years was void. But the defendant is estopped from asserting the invalidity of the contract. It does not lie in his mouth, after having received all of the benefits accruing therefrom, to say that the contract is void. He can not refuse to pay the rent because the contract was in parol. Being verbal and for a period of six years, a tenancy at will was created when Price went into possession. *Cody* v. *Quarterman,* 12 *Ga.* 386. As to payment of rent by labor or necessary improvements, see *Wilkins* v. *Taliafero,* 52 *Ga.* 208; *Lathrop* v. *Clewis,* 63 *Ga.* 289; *Toler* v. *Seabrook,* 39 *Ga.* 14; *Fountain* v. *Whitehead,* 119 *Ga.* 242 (46 S. E. 104).          *Judgment affirmed.*