7736.  WHITE CROWN FRUIT JAR COMPANY *v.* COX COMPANY.

BROYLES, P. J.   1.   The substantive fact that numerous complaints had been made by wholesale and retail dealers, and by individual users, to the effect that the "White Crown" caps would not properly fit "Mason" fruit jars, was admissible in evidence. *Stewart* v. *Lanier House Co.,* 75 *Ga.* 582 (4); *White* v. *East Lake Land Co.,* 96 *Ga.* 415 (23 S. E. 393, 51 Am. St. R. 141). Under this ruling there is no substantial merit in the 4th, 5th, 6th, 7th, 8th, and 9th grounds of the amendment to the motion for a new trial.

2. The charge upon the subject of the statute of frauds, as set forth in

the 12th ground of the amendment to the motion for a new trial, was erroneous, it not being adjusted to the facts in the case. The defendant company, by the testimony of its president, Cox, admitted that it authorized the plaintiff's agent to sign its name to the order; and the issue raised by the defendant's plea of the statute of frauds was therefore eliminated. This plea was also expressly abandoned by the defendant. Further, a part of the instructions therein complained of, to wit, "if the defendant ordered these goods and gave any writing by which he was permitted to countermand the same," was unauthorized, there being no evidence whatever *of any writing by which the defendant was permitted to countermand the order.*

3. The following charge was error: "On the other hand, if the defendant did not give that order, as I have already outlined to you, containing all of the conditions with full knowledge of all of them, and did not authorize anybody to give it, and countermanded an oral order before the goods were shipped, as contended by it, then, if that is true, the plaintiff would not be entitled to recover." The record does not disclose any contention or any evidence that the defendant had countermanded an oral order before the goods were shipped.

4. There is no substantial merit in any of the other special grounds of the motion for a new trial which are based upon alleged errors in the charge of the court.

5. It was not error for the court to fail to give in charge to the jury the provisions of section 5741 of the Civil Code, there having been no timely written request for such instructions.

6. As there will be a new trial of the case, the complaint that the jury inadvertently took with them to the jury-room, when they retired to make up their verdict, the interrogatories and answers of certain of the defendant's witnesses, along with the pleadings and the documentary evidence in the case, will not be passed upon, as it is very unlikely that such an irregularity will recur upon another trial.

7. A new trial being required by the errors already pointed out in the charge of the court, the sufficiency of the evidence to sustain the verdict will not be considered.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JANUARY 23, 1917.

Complaint; from city court of Waycross—Judge McDonald. July 3, 1916.

*Parks & Reed,* for plaintiff.

*Parker & Parker,* for defendant.