### 9628. COLE v. WESTERN UNION TELEGRAPH COMPANY.

STEPHENS, J. 1. Where a bill of exceptions, duly certified as true by the presiding judge, recites that it was tendered within the time allowed by law, and there is nothing in the bill of exceptions or the certificate of the trial judge in denial of such averment, this court must conclude that the bill of exceptions was tendered and presented within the time allowed by law, although the date on which it purports to have been certified was beyond the statutory period allowed by law for tendering and present-ing a bill of exceptions. Civil Code (1910), § 6187; *Jones* v. *State*, 100 *Ga.* 579 (28 S. E. 396); *Pennington* v. *Sparta*, 15 *Ga. App.* 287 (82 S. E. 826). In this case it also affirmatively appears, from the certificate of the presiding judge to the bill of exceptions, that the failure on his part to sign and certify the same within the time prescribed by law was not caused by any act of plaintiff in error or her counsel.

2. A telegraph company is not liable in damages for mental pain and suffering caused by negligent failure to deliver a telegraphic message, in the absence of any physical damage or pecuniary loss.

3. The only reasonable legal construction of the allegations set forth in the petition of the plaintiff is that the damages complained of resulted from a grossly negligent failure on the part of the defendant's servants in the performance of their ordinary public duties owing to plaintiff. There is nothing in the petition which will authorize a recovery for punitive or exemplary damages growing out of "wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Railway Co.* v. *O'Bryan*, 119 *Ga.* 147 (45 S. E. 1000).

4. The petition sets forth no grounds to warrant a recovery of special damages. It sets forth, however, a breach of public duty owing by the defendant company to the plaintiff; and since the plaintiff therein prays for nominal damages, it was error to dismiss the action on general demurrer. Civil Code, § 4397; *Gurr* v. *Western Union Telegraph Co.*, 8 *Ga. App.* 556 (69 S. E. 1085); *Glenn* v. *Western Union Telegraph Co.*, 8 *Ga. App.* 821 (58 S. E. 83).

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 26, 1919.

Action for damages; from Fulton superior court—Judge Pendle-ton. December 7, 1917.

*Payne & Jones,* for plaintiff.

*Brewster, Howell & Heyman, Mark Bolding,* for defendant.