## 15301. SIMMONS v. SIMMONS.

The defendant's plea contains redundant, superfluous, and irrelevant matters, including various transactions alleged to have been entered into between the plaintiff and a third person—not a party to this suit—which were calculated to mislead and prejudice the jury against the plaintiff's right to recover; and the court erred in overruling the plaintiff's timely special demurrer in which the plea is attacked upon this ground. This error rendered the further proceedings in the case nugatory.

DECIDED APRIL 16, 1924.

Action for breach of contract; from Bulloch superior court— Judge Strange. December 26, 1923.

This is a suit by R. Simmons against Brooks Simmons to recover the par value of certain United States government bonds. The petition alleged that the plaintiff was the owner of these bonds, and that, having been approached by the defendant for a loan, he delivered the bonds to the defendant on or about April 1, 1921, with the agreement that the defendant could pledge or sell the bonds, but that the petitioner should be paid semiannually the interest stipulated in the bonds, and that the bonds should be returned to him in the fall of 1921, or, in the event that the bonds had been sold by the defendant, other bonds of the same issue and description and for the same amount were to be returned to him by the defendant. It was alleged that the defendant breached this contract, in that he failed and refused to return the bonds borrowed, or other bonds of the same issue, or to pay petitioner the value thereof, or to pay any interest, except the semiannual interest which was due on June 15, 1921, although petitioner demanded from time to time since the fall of 1921 that defendant return the borrowed bonds or other bonds of the same issue.

The defendant filed an answer in which he denied all the material allegations of the petition, except that the plaintiff was the owner of the bonds at the time specified in the petition; and in paragraph 7 of his answer he alleged that he was not individually indebted to the plaintiff, because he did not borrow or use the bonds for himself, but that the bonds were loaned to and used by a corporation known as the Brooks Simmons Company. The remaining paragraphs (eight to thirteen inclusive) of the defendant's answer set forth in detail certain transactions between the plaintiff and the Brooks Simmons Company relative to an alleged sale of a stock of merchandise, furniture, and fixtures, and to various claims and counterclaims between the Brooks Simmons Company and the plaintiff, including accounts which had run for a period of years and which in the aggregate involved large sums of money.

The plaintiff in due season filed a special demurrer to that part of the defendant's answer which related to the transactions between the Brooks Simmons Company and the plaintiff, upon two grounds: (1) that these alleged transactions were irrelevant to the cause of action and the parties set forth in the petition; and (2) that the allegations demurred to related to transactions alleged to have been made and entered into between parties different and separate from the plaintiff and defendant. The court overruled plaintiff's demurrer, and he excepted pendente lite. The case then proceeded to trial and a verdict was returned in favor of the defendant. The plaintiff filed a motion for a new trial, which was overruled, and he excepted.

*Anderson & Jones, F. B. Hunter, Howell Cone,* for plaintiff.

*Fred T. Lanier, Hinton Booth,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) As we view this case it is only necessary to consider the exceptions to the judgment overruling the plaintiff's special demurrer. It is our judgment that the court erred in refusing to sustain the demurrer and in not striking that portion of defendant's plea which showed affirmatively that the matters set forth in paragraph 8 to 13 inclusive were not only foreign to the issue, but concerned parties different from those named in the petition. The harmful effect of permitting these transactions to go to the jury and to be read and considered by them is obvious. The transactions show, upon

their face, that they relate to a long series of dealings between the plaintiff and a stranger to this case. They were not only calculated to confuse the jury upon the real issue in the case, but to prejudice them against the plaintiff's right to recover. In other words, to use the language employed by Justice Evans in the case of *Lampkin* v. *Garwood, 122 Ga.* 410 (50 S. E. 172), "such allegations, in a suit for a breach of contract, not only have no place in legitimate pleading, but are calculated to mislead and prejudice the jury, if read in their hearing or commented on in the argument of the case." See also *Reese* v. *Reese, 89 Ga.* 645 (3) (15 S. E. 846); *Augusta Railway Co.* v. *Glover, 92 Ga.* 132 (2), 142 (2) (18 S. E. 406).

It follows from what has been said that the court erred in overruling the special demurrer; and this error rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*