*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

23762. BUTLER BROTHERS INC. *v.* GOLDSTEIN.

BROYLES, C. J.  1.  Under the facts of the case, the following charge to the jury was not error for any reason assigned: "The plaintiff insists that they wrote certain letters to the defendant, some of which have been introduced in evidence, and they will be out with you, and in these letters they insist that they made demand on the defendant for the amount they claim due, stated the amount due, and insisted on payment of this amount.  The plaintiff's attorney further insists that these letters were received by the defendant, Mr. Goldstein, and that he did not reply to them and did not deny the truth of the statements in them; and I charge you in that connection this provision of the law of the State of Georgia: 'Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission.'  So you look to the facts in this case, the evidence adduced to you here on the trial, and see in the first place if the plaintiff did write such letters to the defendant, and whether or not these letters were received by Mr. Goldstein, and whether or not the contents of the letters were such as in the course of fair dealing would require an answer from Mr. Goldstein.  If you find all those facts to be true, and Mr. Goldstein did not reply to them, did not deny that he owed the amount stated in those letters, then that may amount to an admission of the facts set out in the letters, which admission is subject to explanation by the defendant, Mr. Goldstein."  Civil Code (1910), § 5782; *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (21) (12 S. E. 18).

2.  The judge, on request of counsel for the plaintiff, having charged § 5782 of the Civil Code, his failure to charge § 5741 was not error, there having been no timely written request for such instruction.  *White Crown Co.* v. *Cox Co.,* 19 *Ga. App.* 195 (5) (91 S. E. 245).

3. Under repeated rulings of the Supreme Court and of this court the ground of the motion for a new trial which complains of the admission of certain documentary evidence can not be considered, since the evidence is neither set forth in the ground nor attached thereto as an exhibit.

4. While the evidence upon the controlling issue of fact in the case was in acute conflict and would have amply authorized a finding for the plaintiff, this court can not hold that the verdict for the defendant was not supported by any evidence; and, the finding of the jury having been approved by the trial court, this court is without authority to interfere.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 6, 1934.

*E. T. Moon, Mayson & Johnson,* for plaintiff.
*W. E. Armistead,* for defendant.