30983. WESTERN UNION TELEGRAPH COMPANY
*v.* NIX.

Decided October 4, 1945.   Rehearing denied November 21, 1945.

186

*Marvin A. Allison, Hope Stark, Howell, Heyman & Heyman,* for plaintiff in error.

*R. F. Duncan, W. L. Nix,* contra.

FELTON, J. ■ In order to authorize the recovery of punitive or exemplary damages for the failure on the part of the telegraph company to deliver a telegram, it is incumbent upon the plaintiff to show that the damage grew out of "wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences." *Cole* v. *Western Union Telegraph Co., 23 Ga. App.* 479 (98 S. E. 407). Nowhere in the petition is there an allegation indicating upon its face, or by inference or implication, that the defendant's conduct was such as to subject it to liability for punitive damages, unless it be contended that the defendant's remissness in its delivery of telegrams to the plaintiff on five other

occasions, as alleged, was indicative of such conduct. However, under the allegations of the petition in this case, this contention is untenable, as there were no circumstances alleged with reference to any one or all of these five telegrams, showing any relevancy on the question of wilfulness, malice, or conscious indifference to the consequences. The only way in which the defendant could be guilty of such conduct would be through the actions of its agent or agents, and nowhere in the petition is such conduct charged to an agent. The only allegation touching the subject is a general one against the defendant, which under the circumstances is a mere conclusion of the pleader. The petition does not allege that these five earlier telegrams, either severally or collectively, constituted a scheme or design on the part of the defendant, or its agent or agents, to wilfully, maliciously, or fraudulently oppress, injure, or harass the plaintiff, or to treat his rights or its duty to him with that want of care which would be reprehensible under the law; and, in the absence of such an allegation, taken with the fact that in connection with these five telegrams there is no allegation at all of any such conduct as to authorize the recovery of punitive damages, these five instances of alleged negligence of the defendant are irrelevant to show such conduct as would subject the defendant to punitive damages, and they would tend to confuse and prejudice the defendant's cause.

Apparently applying the Code, § 105-2002, to this case, the plaintiff set forth the defendant's failures to deliver or to make prompt delivery of these five telegrams prior to the time of its failure to deliver the telegram upon which he is suing, as aggravating circumstances. This section states: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." It would seem that none of these five instances of negligence alleged to be aggravating circumstances could constitute aggravation of the conduct here sued on. Where an action is instituted on one particular tort, the circumstances surrounding it may show aggravation so far as it is concerned, but in the same situation several other separate and distinct prior torts cannot be said to furnish aggravation as to the one sued on, to form the basis for the re-

covery of punitive damages, especially when there is no allegation as to the relevancy of the separate prior torts to show intent, scheme, or design. Such allegations are calculated to mislead and prejudice the jury, if read in their hearing or commented on in the argument of the case. *Lampkin* v. *Garwood,* 122 *Ga.* 407 (50 S. E. 171); *Simmons* v. *Simmons, 32 Ga. App.* 69 (122 S. E. 644), and cases cited. It follows, therefore, that the court erred in overruling the special demurrers to these allegations.

■ Whether this transaction be governed by the Federal rule or the Georgia rule, the defendant's special demurrer to the allegation seeking punitive damages was good, and the court erred in overruling it. While the plaintiff alleged that the defendant's failure to deliver the telegram was the result of wilful misconduct, malice, fraud, or oppression, or such entire want of care as to raise the presumption of conscious indifference to the consequences, the petition contained no facts to support this conclusion. At most, the petition showed only that the defendant was guilty of gross negligence, and neither the Federal nor the Georgia rule will hold a telegraph company liable for punitive damages for gross negligence in making a delivery of telegrams. *Cole* v. *Western Union Telegraph Co.,* supra; Lake Shore & Michigan Southern Railway Co. *v.* Prentice, 147 U. S. 101 (13 Sup. Ct. 261, 37 L. ed. 97); Western Union Telegraph Co. *v.* Speight, 254 U. S. 17 (41 Sup. Ct. 11, 65 L. ed. 104), and cases cited.

■ It was alleged that a properly addressed letter with the correct postage was mailed to the defendant, which it was stated raised the presumption that such letter was duly received in the normal course of the mails; and alleged that the plaintiff never received a reply to this letter, which it was stated raised the presumption that the defendant, by not making any reply, ratified the failure of its agent to deliver the telegram. The plaintiff's letter, however, contained no charges that the agent was guilty of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. Hence, if the defendant's failure to reply to the letter constituted a ratification of the agent's acts—and we are not of the opinion that it does—the defendant ratified nothing which would subject it to liability for punitive damages. The letter in question did no more than to state that

the defendant's agent on several occasions had failed to deliver telegrams promptly in the City of Lawrenceville. While the plaintiff's allegation as to the failure of a party to answer a letter constituting a ratification of the statements therein contained may state the correct principle of law generally, as applied in some jurisdictions, this principle is applicable to those cases where two parties have carried on a mutual correspondence in reference to a particular matter, and one of the parties has written a letter to the other making statements concerning a subject of which the latter has knowledge, and which the latter would naturally deny if not true. However, a failure to reply to statements made in a letter, which is not a part of a mutual correspondence is not considered an implied admission by the addressee of the truth of the statements. 20 Am. Jur. § 568; 8 A. L. R. 1163; 34 A. L. R. 560; 55 A. L. R. 460. The plaintiff's letter was not a part of a mutual correspondence; thus this general rule of the law of ratification is inapplicable in this case. Moreover, the Code, § 38-120, states: "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them." There is no allegation of such a "due course of business" as to warrant the application of this section of the Code, even if it be assumed that the statements in the unanswered letter refer to acts of the addressee and not solely to those of the writer of the letter. *McLendon* v. *Wilson,* 52 *Ga.* 42; *Bray* v. *Gunn,* 53 *Ga.* 145. It follows then that there would be no ratification by the defendant of the agent's wilful misconduct, malice, fraud, wantonness, or oppression, or such entire want of care as would raise a presumption of conscious indifference to the consequences of his failure to deliver the telegram; and the court erred in not sustaining the defendant's special demurrer to this allegation.

■ What is said above in division 2 applies to the averment that the defendant's failure to dismiss its agent would constitute a ratification of the agent's acts; and the court erred in not sustaining the special demurrer to this allegation.

The court erred in overruling the demurrers as above shown. Further proceedings were nugatory.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*