33496. McREE *v.* ATLANTA PAPER COMPANY *et al.*

DECIDED JUNE 22, 1951.

Dunaway, Howard & Embry, for plaintiff.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter, for defendants.

WORRILL, J. "All suits in the superior courts for legal or equitable relief or both shall be by petition addressed to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth the cause of action, legal or equitable or both, the names of the persons against whom process is prayed, and the demand for legal or equitable relief or remedy or both." Code, § 81-101.

The statute does not contemplate the incorporation of redundant, superfluous and irrelevant matters, especially matters such as "not only have no place in legitimate pleading, but are calculated to mislead and prejudice the jury, if read in their

hearing or commented on in the argument of the case by the plaintiff." *Lampkin* v. *Garwood*, 122 *Ga.* 407, 410 (50 S. E. 171) ; *Simmons* v. *Simmons*, 32 *Ga. App.* 69, 71 (122 S. E. 644).

The notice to produce, as contained in the petition, sought to require the production of any policy of liability insurance covering the operations of the defendants at the time and place of the accident, which is referred to by paragraph 15 as "documentary evidence," and by the statement of counsel, also contained in paragraph 15, as "relevant and material."

It has been held in a case where the defendant is admittedly protected by a policy of liability insurance that it is proper to purge the panel of jurors from which the trial jury is to be selected of employees, stockholders, and relatives of stockholders of the insurance company (*Bibb Mfg. Co.* v. *Williams*, 36 *Ga. App.* 605, 137 S. E. 636), and that failure to so purge the jury is reversible error. *Atlanta Coach Co.* v. *Cobb*, 178 *Ga.* 544 (174 S. E. 131); *Tatum* v. *Croswell*, 178 *Ga.* 679 (174 S. E. 140); *Coleman* v. *Newsome*, 179 *Ga.* 47 (174 S. E. 923). Notwithstanding the rule just stated, evidence that a defendant is protected by liability insurance is not admissible in the trial of an action in tort, and it is the general rule that such evidence is not only irrelevant and immaterial but harmful and prejudicial to the extent that where it is presented to the jury a timely motion for a mistrial may be granted. *O'Neill Mfg. Co.* v. *Pruitt*, 110 *Ga.* 577, 579 (36 S. E. 59); *Heinz* v. *Backus*, 34 *Ga. App.* 203 (128 S. E. 915) ; *Minnick* v. *Jackson*, 64 *Ga. App.* 554, 561 (13 S. E. 2d, 891) ; *Decatur Chevrolet Co.* v. *White*, 51 *Ga. App.* 362 (180 S. E. 377).

In this case, since the insurance policy, if the defendant had one, could not have been introduced in evidence on the trial of the case, although referred to in the petition as relevant and material, the notice to produce, improperly set forth in the petition, could have had no purpose other than to seek to acquaint the jury with the fact that the defendants were protected by liability insurance, and thus present to the jury prejudicial matter which could not have been introduced in evidence. Consequently, even if a notice to produce documents could properly be included in a petition, such a notice as that involved here was improper.

184

We hold that the court properly sustained the demurrer to paragraph 15 of the plaintiff's petition, and properly required that the petition be purged of the irrelevant and prejudicial matter attacked. The plaintiff having failed to amend and so purge the petition, it stood dismissed at the expiration of the time provided by the court's order.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*