40059. SNELLGROVE v. PLYWOOD SUPPLY
COMPANY, INC.

CARLISLE, Presiding Judge. 1. The testimony of plaintiff's witness in this case, if believed by the jury, would have authorized a finding that the defendant told the agent of the plaintiff that it would be all right to place in the defendant's name and to charge to the defendant an order for merchandise given plaintiff by a third party. The promise of the defendant is not a promise to answer for the debt, default or miscarriage of another, but is an original undertaking. *Maddox v. Pierce,* 74 Ga. 838; *Baldwin v. Hiers,* 73 Ga. 739; *Cordray v. James,* 19 Ga. App. 156 (1) (91 SE 239). The trial court did not err in denying defendant's motion for nonsuit made on the ground that the evidence showed the promise of the defendant was within the statute of frauds. *Code* § 20-401 (2).

2. In the instant case, it being one of suit on open account, the burden of proof was upon the plaintiff and not upon the defendant, who, by his answer and his testimony, denied that he had ever made or owed the account. *Wilkes v. Arkansas Fuel Oil Co.,* 60 Ga. App. 775 (2) (5 SE2d 269). Accordingly, a charge of the court, given immediately after charging that the burden of proof was on the plaintiff to prove his case by a preponderance of the evidence, that, "In this connection, I

charge you that, if, as contended by the plaintiff, the plaintiff over a period of several months sent monthly statements of the account in suit to the defendant and that the defendant received the same without in some way objecting to his liability or the correctness of the account within a reasonable time after reception of the account, in the absence of a satisfactory excuse for not objecting a prima facie case would be made out in favor of the plaintiff, and the burden of proving by a preponderance of the evidence non-liability or the incorrectness of the account is on the defendant, and if the defendant has failed to carry this burden you should find a verdict for the plaintiff for such amount as you find to be just, due, true and unpaid," is error for the reason that it places the burden of proof upon the defendant to establish that there was no account or that the amount sued for was incorrect and thus confused the jury as to where the burden of proof lay in the case. *Carroll v. Taylor,* 87 Ga. App. 815 (4), 819 (75 SE2d 346). See also *Code* § 38-120, construed in *Western Union Tel. Co. v. Nix,* 73 Ga. App. 184, 191 (36 SE2d 111).

It follows that the trial court erred in overruling the motion for new trial complaining of the above quoted charge.

*Judgment reversed. Bell and Hall, JJ., concur.*

DECIDED JUNE 21, 1963.

*Joel A. Willis, Jr.,* for plaintiff in error.

*G. L. Hattaway,* contra.