## 50684. MERRY v. GEORGIA BIG BOY MANAGEMENT, INC.

PANNELL, Presiding Judge.

Plaintiff brought an action in two counts to recover $2,500 for the rent of certain premises from March 15, 1971, through March 14, 1972. A jury trial was held, and the jury returned a verdict for plaintiff in the amount of $2,500. Appellant appeals from the overruling of his motions for judgment notwithstanding the verdict and for new trial.

The evidence showed that the defendant was representing a third party in negotiations with plaintiff regarding the leasing of the third party's building to plaintiff. The plaintiff indicated to defendant that he could afford to pay around $12,000 to $13,000 for rent of the building. The rental price was finally set at $15,500 per year. Plaintiff testified that defendant told him not to worry about the price because he was going to take the upstairs; defendant was going to rent the upstairs of the building from plaintiff for $2,500 a year.

A preliminary lease agreement for one-half of the upstairs premises was prepared and forwarded to defendant by plaintiff for his signature. There followed discussions and letters between the two parties, in which various terms of the lease were modified. The following terms were agreed to: the lease would cover the entire upstairs of the premises, plus the alley; the annual rental would be $2,500 a year; the term of the lease would be ten years. Plaintiff testified that they agreed defendant's rent would start in March, 1971.

Defendant said that all of the terms of the lease were never worked out. However, plaintiff's testimony was that defendant finally said everthing was all right and he would sign the lease, but defendant would never sign the lease.

While the terms of the lease were being negotiated, defendant had written plaintiff asking that a parking place be reserved for his personal use behind the building. Plaintiff provided said space for defendant, and a sign bearing defendant's name was prepared for the parking place in March, 1971. Defendant used the space almost

daily for one year, until the early part of 1972. Defendant also stopped plaintiff's employees on occasion and told them to keep people from parking in his place; defendant said that he had paid (or was paying) for that location, and it was his.

There was no evidence that defendant actually *occupied* the upstairs building during the period of the alleged lease. However, plaintiff's president testified that they assumed defendant had *possession* of the upstairs from March, 1971, to March, 1972. No one else had possession of the upstairs during that time.

1. Appellant contends that his motion for new trial and motion for judgment notwithstanding the verdict were required by the law and the evidence in that the alleged express lease relied on by plaintiff was not proven. Construing the evidence most favorably to the plaintiff, the jury was authorized to find that the defendant orally contracted to lease the premises for $2,500 per year, beginning March, 1971. The evidence supported a finding that the plaintiff entered the contract to rent the building from the third party based on defendant's agreement to rent the upstairs. Plaintiff and defendant agreed to all of the terms of the lease. Defendant made an admission that he was leasing the premises when he stated he was paying for the premises. Considering all of the evidence together, the jury was authorized to find that there was a "meeting of the minds" as to all of the terms of the contract and a present agreement to lease the premises. Although the parties contemplated the future execution of a written lease agreement, the jury was authorized to find that a binding oral agreement was in effect, and the failure to sign the written instrument did not affect the validity of the oral agreement.

Appellant argues that the plaintiff could not recover on the express lease in that the evidence did not support a finding that appellant was in *possession* of the premises. Assuming it was necessary to prove "possession" of the premises to allow plaintiff to recover under the lease, the jury was authorized, considering all of the evidence as a whole, to find that defendant went into possession of the premises. Defendant used the parking space, provided for him under the terms of the lease, almost daily.

Defendant's admission that he was paying for the premises and his request to plaintiff to keep people out of his space could support a finding that plaintiff considered the premises to be under his control and in his "possession."

Finally, appellant contends that no specific term of the lease was shown. The president of appellee corporation testified that the parties agreed to a ten-year lease, to begin in March, 1971. The plaintiff brought suit for the first year's rent under the ten-year oral lease. Oral contracts creating the relationship of landlord and tenant for any time exceeding one year shall have the effect of a tenancy at will. Code § 61-102. "Although a parol contract for the lease of lands may be void under the statute of frauds, still, where one goes into possession thereunder, a tenancy at will is created, and one who has derived all the benefits arising from such a contract will not be heard to avail himself of the defense that the contract was not in writing." *Price v. Thompson,* 1 Ga. App. 46 (60 SE 800). "Sixty days' notice is necessary from the landlord to terminate a tenancy at will. Thirty days' notice is necessary from the tenant." Code § 61-105. Accordingly, the oral contract between plaintiff and defendant had the effect of a tenancy at will and was in effect until terminated by either plaintiff or defendant.

2. Appellant alleges error in the giving of the following charge: "I also charge you, members of the jury, that you may find that the defendant occupied and possessed premises of the plaintiff as a tenant, if you find that the defendant actually exercised dominion over the premises for some particular time period." Appellant argues that this constitutes a charge of an implied lease, and plaintiff had elected to rely on an express contract and was not entitled to rely on, and have the court charge on, an implied contract. See, *Willis v. Kemp,* 130 Ga. App. 758 (204 SE2d 486). We do not agree that plaintiff relied exclusively on an express contract. Plaintiff brought his suit in two counts. Count 1 alleged that defendant "agreed to lease the premises." Count 2 was a suit on account, which stated $2,500 was due plaintiff by defendant for rental of the premises for March 15, 1971, through March 14, 1972. Recovery under Count 2 would be authorized

upon a showing that rent was due under either an express *or* implied lease. Accordingly, it was not error to give the above charge for the reasons assigned.

3. Appellee tendered into evidence three letters over the objection of defendant appellant. The letters were submitted under Code § 38-120, which states: "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them." Appellant alleges error in the trial court's admitting the letters and charging the jury with respect to the above Code section.

The letters to which defendant objected were plaintiff's exhibits 4, 5 and 6. Exhibit 4 was a letter from plaintiff's attorney to defendant of December 14, 1971. It stated that defendant had orally agreed to enter into a lease agreement with plaintiff for a period of ten years, commencing on March 15, 1971. Defendant had refused to execute a written lease agreement, although requested to do so on numerous occasions. It was imperative that defendant execute the agreement without delay. The letter asked that defendant respond immediately. Exhibit 5, dated January 21, 1972, referred defendant to plaintiff's letter of December 14, 1971, and requested a response "right away." Exhibit 6, dated March 21, 1972, stated that one year's lease, for the second floor at 713 Broad Street, was due plaintiff in the amount of $2,500. It requested a check from defendant in said amount.

Appellant contends that no mutual course of correspondence was established between himself and plaintiff's attorney; therefore, it was error to admit Exhibits 4 and 5, and to charge Code § 38-120 in reference thereto. *Western Union Tel. Co. v. Nix,* 73 Ga. App. 184, 191 (36 SE2d 111). Numerous letters were introduced into evidence establishing a mutual correspondence between plaintiff and defendant regarding the leasing of the subject premises. The letters written by plaintiff's attorney were a part of this mutual correspondence. Plaintiff's attorney stated in his letter that he was writing in behalf of the plaintiff; thus, the letter could be

considered to have been from plaintiff, *through* his attorney. See *Goss v. Finger,* 28 Ga. App. 410, 411 (111 SE 212);*Progressive Mut. Ins. Co. v. Burrell Motors, Inc.,* 112 Ga. App. 88 (143 SE2d 757).

Appellant argues that it was error to charge Code § 38-120 with respect to Exhibit 6 because a response to a statement of account is not required. He cites *Snellgrove v. Plywood Supply Co.,* 108 Ga. App. 87 (131 SE2d 839), as standing for this proposition. The charge in *Snellgrove* was held to be error because it placed the burden of proof upon the defendant. The present charge does not have the effect of shifting the burden of proof to the defendant. Further, failure to reply to a letter making demand on the defendant for an amount claimed to be due, stating the amount due, and insisting on payment of that amount, *may* amount to an admission of the facts stated in the letter. *Butler Bros., Inc. v. Goldstein,* 49 Ga. App. 109 (174 SE 202).

Finally, appellant asserts that there was no response required as to two letters placed into evidence by plaintiff (Exhibits 1B and 3); therefore, it was error to generally charge the provisions of Code § 38-120. Appellant did not object to these letters being admitted into evidence nor did he object to the charge on these grounds at trial. He may not raise this objection for the first time on appeal.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted May 28, 1975 — Decided September 10, 1975.

*Burnside, Dye & Miller, A. Montague Miller, James B. Wall,* for appellant.

*Jay M. Sawilowsky,* for appellee.