69387, 69388. PLANK v. BOURDON; and vice versa.
(326 SE2d 571)

BIRDSONG, Presiding Judge.

Rene D. Bourdon was the owner and operator of Precision Transmission of Macon. The business had been operated under a partnership which included Wayne Buzzell who owned the realty. The partnership was dissolved, and Bourdon discussed selling the business to

F. R. Plank and Thomas Beam. No written agreement was reached on the sale of the business but the parties reached an oral agreement, which was to be formalized in writing at a later date. Thereafter, a document titled "Contract" was drawn up which referred to Bourdon as the "Seller" and Plank and Beam as the "Buyers." The document recited that Bourdon was "desirous of selling certain equipment, supplies and personalty" used to operate Precision Transmission and the buyers "desire to acquire an option to purchase" that equipment. Thereafter the "Buyers" would "operate the business . . . as managers on behalf of Seller" for a period of twelve months. But, they provided the working capital and were to realize "all profits and losses" as their compensation. "As part of the consideration of this management agreement," they were to pay the monthly installment due on Bourdon's note at the bank, and the monthly rental to the landowner.

Plank and Beam began operating the transmission shop on March 17, 1981, and continued to do business until July 9, 1981, when they notified Bourdon in writing that they were vacating the premises because they were "unable to secure a written Lease and Agreement" with him. During the time they operated the business, Plank and Beam made one monthly payment to the bank on Bourdon's promissory note and two monthly payments on the rental.

The so-called "Contract" was drawn up by Bourdon's lawyer and both sides testified that it represented their oral agreement they had made when Plank and Beam began operation of the business, except that Bourdon said that "management" had never been discussed, and Plank and Beam insisted that they had proposed only a "management" contract, even though the management of the business was to be for their benefit.

Plaintiff filed an action for damages for the amount represented by the remaining eleven months of unpaid payments on the note to the bank, and ten payments to the landowner for rent under his lease with the owner. The complaint referred to the "Contract" as "an agreement for the sale" of plaintiff's business. At trial plaintiff referred to the "Contract" as a lease with option to purchase. Defendant referred to it as a management agreement. The issue was tried before the judge without a jury and he concluded that Plank and Beam "occupied the business premises, not as part and partial [sic] of a valid and binding contract, either in writing or oral, but as part of a consensual tenancy which was a tenancy at will requiring the Defendant and Mr. Beam to give at least thirty (30) days notice of termination." Both parties appeal. The trial court rendered judgment against Plank and Beam and in favor of Bourdon for monetary damages arising out of the breach of the lease. Plank alone brings his appeal together with the cross-appeal by Bourdon. *Held:*

*Appeal No. 69387*

1. The trial court did not err in refusing to grant Plank's motion for dismissal pursuant to OCGA § 9-11-41 (b) based upon the failure of the plaintiff to produce evidence of a "sale" of the business, as set forth in the complaint. Defendant Plank made no formal objection calling for a ruling as to any defect in the pleadings, vis-à-vis the testimony of the plaintiff plead a sale of the business when the parties contemplated a lease with an option to purchase the equipment to operate the business.

A complaint is required only to set forth facts upon which the court's venue depends, a short and plain statement of the facts showing the pleader is entitled to relief, and demand for judgment to which the pleader claims he is entitled. OCGA § 9-11-8 (a) (2). " '[P]leadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits.' " *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424). "It is well established however, that there is 'no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' " *Frost v. Frost*, 235 Ga. 672, 674 (221 SE2d 567). With the advent of "notice" pleading a complaint will no longer be construed against a pleader (*Residential Developments v. Mann*, 225 Ga. 393, 397 (169 SE2d 305)), but will be construed to do substantial justice. *McGarvey v. Bd. of Zoning Appeals*, 243 Ga. 714 (256 SE2d 781). Notice pleading of the CPA is to be liberally construed. *McDonough Constr. Co. v. McLendon Elec. Co.*, supra.

Plaintiff's testimony made it clear that this complaint was based on the oral agreement between the parties, which he contended was an agreement for a lease and an option to purchase. " 'When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.' " *Rude v. Rude*, 241 Ga. 454, 456 (246 SE2d 311). This enumeration is without merit.

2. We find no error in the refusal of the trial court to grant Plank's motion for dismissal pursuant to OCGA § 9-11-41 (b) on the bases of lack of mutuality of assent and absence of a written agreement. It was admitted by both parties that their understanding was to be reduced to writing. However, defendants Plank and Beam testified the agreement was to be a management contract. Bourdon testified that management was not discussed and the agreement was to be a lease with an option to purchase the equipment at the end of one year. The trial court interpreted the agreement in the light of the intent of the parties and found that neither a verbal nor written agree-

ment was reached, but a tenancy at will was established which could be terminated by the defendants with one month's notice. We agree.

Although the agreement that was reduced to writing set forth the basic facts of the agreement between the parties, it was variously termed a sales agreement, a lease with option to purchase, and a management agreement. It was signed by Plank and Beam at the time of their entry on the premises, but plaintiff never agreed to or signed it until November 1981, several months after the departure of the defendants from the premises in July 1981. He signed it at that time on the advice of counsel. Plaintiff had refused to consent to the agreement because defendants traded a fork lift, the property of the plaintiff, to the property owner for a "Ranchero" motor vehicle. Defendants then had the title to the Ranchero placed in the name of the "Plank and Beam" corporation which they incorporated to conduct the transmission business. The agreement signed by the defendants stated that the "[b]uyers shall have no rights or property interests therein, except the right to use same in the normal operation of the business. Buyers shall keep the equipment, inventory and stock in trade at all times free and clear from all claims, levies, liens, encumbrances and processes." Though defendants converted plaintiff's property to themselves, they turned the Ranchero over to him after they vacated the premises.

In distinguishing between a purported lease and an executory agreement to make a lease, the intention of the parties, as manifested by a writing, is a controlling element. *Weed v. Lindsay & Morgan*, 88 Ga. 686, 693 (15 SE 836). Where the parties have failed to reach full agreement on all terms of the lease and "enter under a mere agreement for a future lease, they are tenants at will. . . ." Id., p. 694. A tenancy at will is indicated when a landlord permits the tenant to enter and remain in possession of the premises, by permission, express or implied, without a written lease. *Carruth v. Carruth*, 77 Ga. App. 131, 135 (48 SE2d 387). Thus, the trial judge was authorized to find that where the tenant gained possession under a non-binding contract, a tenancy at will was created (Dawkins, Landlord & Tenant, The Law in Ga. 58, § 5-6), and one who derives benefits arising from such tenancy will not be permitted to avail himself of the defense that the contract was not in writing. *Price v. Thompson*, 4 Ga. App. 46 (3) (60 SE 800); *Merry v. Ga. Big Boy Mgt.*, 135 Ga. App. 707, 709 (218 SE2d 694). Accordingly, defendant's entry under the imperfect oral agreement of the parties to agree to a future lease in writing (see 19 EGL 160, Landlord & Tenant, § 8), had the legal effect of creating a tenancy at will until terminated by either party. *Merry*, supra, p. 709.

Thirty days notice by the tenant is necessary to terminate a tenancy at will. OCGA § 44-7-7 (formerly Code Ann. § 61-105). The trial

court correctly computed the amount due under the tenancy at will. The fact that the rental was to be paid to two different parties other than the plaintiff does not require a different result. See *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (259 SE2d 729). And, the fact that the rental payments were to be made to the bank which had extended the loan to plaintiff to purchase the transmission shop equipment, and to the landowner, does not require that the agreement must be in writing. Defendants did not assume the obligation for the debts of the plaintiff to the bank and the landowner. OCGA § 13-5-30 (2) (formerly Code Ann. § 20-401 (2)). Neither the bank nor the landowner had a cause of action for the debt of the plaintiff to them which could be enforced against the defendants.

*Appeal No. 69388*

3. As was held earlier, the trial court did not err in treating the relationship between the parties as a tenancy at will rather than for a definite term. The amount of damages due for a breach of the tenancy at will was correctly computed.

*Judgments affirmed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 30, 1985.

*Carl A. Veline, Jr.*, for appellant.
*Richard B. Miller*, for appellee.