ARMSBY COMPANY *v.* SHEWMAKE & MURPHY.

COBB, J. 1. When under a contract of sale the articles which are the subject-matter of the sale are to be of a given quality, the actual receipt by the purchaser of the articles will not preclude him from refusing to accept them on the ground that they are not of the quality stipulated for in the contract, when an inspection and examination of such articles, as well as a refusal to accept the same, accompanied by a tender of the articles, is made within a reasonable time after they are received.  See Benj. Sales (Bennett's 7th Am. ed.), §§ 139, 701, 703 ; Clark, Con. p. 142 ; Diversy *v.* Kellogg, 44 Ill. 114, s. c. 92 Am. Dec. 154.

2. In a case of the character above referred to, the fact that some of the articles (a very small part of the whole number) were lost or stolen from the purchaser without negligence on his part, or inadvertently sold by him before it was discovered that the articles were not of the quality required by the contract of sale, would not alone interfere with his right to refuse to accept the

balance ; the purchaser being chargeable with the market value of such of the articles as were not offered to be returned for the reasons above mentioned.

3. The verdict of the jury sufficiently covered the issues made in the pleadings, and, when construed in the light thereof, is capable of exact enforcement.

4. A new trial will not be granted because a verdict in favor of the defendant, in a case where several pleas were filed, does not specify upon which plea it is found, when there was no request to instruct the jury to so frame the verdict, and no objection was made to the verdict on this ground when the same was rendered. *Ventress* v. *Rosser*,73 *Ga.* 534 (1 c) ; *Little* v. *Rogers*, 99 *Ga.* 95 (2), and cases cited.

5. The rulings upon evidence and the charges excepted to, not dealt with in the preceding notes, were free from any error which required the granting of a new trial. The newly discovered evidence, even if not cumulative, was not of such a character as should, or in all probability would, produce a different verdict from that rendered. Though the evidence was directly conflicting, there was evidence abundantly sufficient to sustain the verdict, and the discretion of the trial judge in refusing to grant a new trial will not be controlled.                    *Judgment affirmed.    All the Justices concurring.*

Submitted May 30, — Decided July 23, 1901.

Complaint.    Before Judge Lumpkin.    Fulton superior court. October 4, 1900.

*C. D. Maddox,* for plaintiff.    *Rosser & Carter,* for defendants.