*Lovett & Murray, R. A. Hendricks,* contra.

---

## 5051. PENINSULAR NAVAL STORES CO. *v.* PARRISH.

No error of law being complained of, and there being evidence to support the verdict, this court has no power to grant a new trial.

DECIDED NOVEMBER 25, 1913.

Attachment; from city court of Nashville—Judge Christian. June 19, 1913.

*Lovett & Murray, Denmark & Griffin,* for plaintiff in error.

*J. Z. & H. L. Jackson, Knight, Chastain & Gaskins,* contra.

POTTLE, J. Parrish sued the Peninsular Naval Stores Company for $13,378.44; and recovered a verdict for $3,700. The only question presented by the writ of error is whether there is any evidence to support the verdict. Counsel for the plaintiff in error recognizes the constitutional limitation upon the jurisdiction of this court, which compels us to accept as final the jury's determination of disputed issues of fact. The plaintiff sued upon an oral agreement which he claimed to have entered into with the defendant. The defendant was the owner of two turpentine places, upon which there was a large indebtedness. These places were offered to the

plaintiff for $18,000, but he declined to buy. An agreement was then entered into whereby the plaintiff was to receive $25 per month for his services in assisting in the operation of the places, and, as a further consideration for his services, the defendant agreed that on payment of all the indebtedness out of the profits made from the two places, the plaintiff should have a half interest in them, and if they should be sold for a sum exceeding the amount of the indebtedness, he should have a half of the excess. Both parties agreed that a contract of the nature above stated was entered into. The difference between them is this: The plaintiff contends that the indebtedness on the places was fixed by the agreement at $18,000, whereas the defendant contends that no amount of indebtedness was specified, and that at the time of the agreement the amount due on the places was $28,000. No question of the statute of frauds is involved, because the plaintiff performed his part of the agreement. In corroboration of the defendant's position, there was introduced in evidence a letter written to the plaintiff a few days after the agreement was entered into. This letter purported to be confirmatory of the prior agreement, and stated the agreement to be as follows: "We also agree to give you a half interest in the places at Adel and Greggs, after the debt they owe us, and interest on the same, is entirely worked out." If this letter indicated to the plaintiff that the defendant was placing a construction different from his own upon the agreement, it was his duty to object to the construction then placed upon it, or his silence could be construed as acquiescence. Civil Code, § 4267. But assuming that the defendant had, as the plaintiff claimed, specified $18,000 as the amount of indebtedness which was to be discharged, there was nothing in the letter to put him on notice that the defendant claimed a larger amount of indebtedness. The language in the letter, "the debt they owe us," when translated into figures, meant to the plaintiff $18,000, and not $28,000, which latter sum, according to the plaintiff, he did not know was due on the place until after the sale was made. The defendant contends further that the $27,000 received for one of the places was made up in part of timber purchased and added to the place after the agreement with the plaintiff, and that the cost of the timber, to wit, $11,000, should be added to the indebtedness. As to this, however, the plaintiff testified: "It was not added to the value of the place; the proceeds

of the place while running the place paid for the timber." It is clear, therefore, that if the place earned $11,000 after the agreement and before the sale, the total indebtedness must be credited with this amount, and would remain the same as it was before the timber was purchased. The plaintiff in error invokes the rule that where a party relies upon his own testimony, and it is self-contradictory, the court should accept that version which is most unfavorable to him. *Western & Atlantic R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494). The rule is sound, but it can not properly be applied in the present case. The verdict in the plaintiff's favor was authorized, without reference to his claim for compensation for assisting the defendant to acquire a turpentine location other than the two places above referred to, and the judgment overruling the motion for a new trial must be *Affirmed.*