## AYER *et al. v.* CHAPMAN.

LUMPKIN, J.  1. A will devised certain land to a trustee in trust for the sole and separate use, benefit, and behoof of an unmarried woman and her children, should she marry and have any, for and during her natural life, with remainder at her death to her child or children. It further provided, that, if the woman should die without having child or children surviving her, the property should "descend to and become a trust estate

upon" two other named women and their children, "under the same trusts and subject to the same charges and restrictions." One of the women last mentioned and her children and the children of the other woman last mentioned (who had died) brought suit to recover a parcel of land included in the devises above stated. In the petition it was alleged that the woman for whom the first trust for life was created died without having had any child or leaving any surviving her. The answer of the defendant stated that he could neither admit nor deny such allegation, and thus put the plaintiffs upon proof of it. The defendant also set up title under a tax sale and by prescription. On the trial the presiding judge directed a verdict for the defendant, and from the overruling of a motion for a new trial, which alleged error in such direction, a bill of exceptions was taken. *Held,* that in order for the plaintiffs to show any legal or equitable title in the land, it was a sine qua non that they should prove that the primary beneficiary for life died without having a child or children surviving her. The brief of evidence shows that she married, and died some years later, but fails entirely to show that she died childless. Under such facts, regardless of questions as to whether the trustee represented the life-tenant or the entire estate, or similar questions of law, the plaintiffs could not recover on the evidence introduced by them.

2. It does not appear in the record or bill of exceptions that the failure to prove that the woman for whom the first trust for life was created died childless was urged in the trial court, or that the judge based the direction of a verdict in whole or in part on that ground. The motion for a new trial sets out various propositions of law as furnishing reasons why the court erred in giving such direction to the case. In none of them is there any intimation that the court or counsel for defendant relied on the omission mentioned; but in one of the grounds reference is made to "plaintiffs, who are remaindermen, and had no right of action until the death of the life-tenant." In the briefs of counsel for neither party was any reference made to such omission in the evidence, but both counsel argued the case as if the death of the life-tenant childless had been proved. The omission of an essential link in the plaintiff's chain of evidence came to the knowledge of this court while considering the case with a view to its decision. While it can not be held that plaintiffs, who, so far as appears from the record, failed to introduce evidence essential to connect themselves with the title, and to authorize them to urge the other questions raised, are entitled to recover or to have a new trial because of alleged errors in other respects, yet, under the peculiar facts of the case, this court, in the exercise of the discretionary power which it has (Civil Code (1910), § 6205), directs that the verdict and judgment for the defendant be set aside, and a judgment of nonsuit be entered.

(a) Under the facts above recited, until the plaintiffs connect themselves with the title they are not in a position to raise or have determined questions in regard to the extent of the trust, whether prescription had ripened against them, or the like. In the present state of the record such questions are merely moot in character.

*Judgment affirmed, with direction. All the Justices concur.*

FEBRUARY 21, 1914.

Complaint for land. Before Judge Hammond. Richmond superior court. December 21, 1912.

*William H. Fleming*, for plaintiffs.

*E. H. Callaway* and *Garlington & Cozart*, for defendant.