### 6239. CRIDER *v.* CITY SUPPLY COMPANY.

1. A receipt is a written admission or acknowledgment of payment or delivery. It is not required by law to be in a particular form.
2. The fact that an acknowledgment of payment is in the form of an affidavit does not render it inadmissible when offered in evidence as a receipt.

DECIDED MAY 17, 1915.

Certiorari; from Paulding superior court—Judge Price Edwards. October 20, 1914.

*C. D. McGregor,* for plaintiff in error. *C. B. McGarity,* contra.

RUSSELL, C. J. With a single exception, none of the points which the plaintiff in error sought to have adjudicated by certiorari are so presented as to permit them to be considered. A number of rulings which, according to the allegations of the petition for certiorari,

were prima facie erroneous, were not referred to in the answer of the magistrate who tried the case. If the petitioner in certiorari had wished these points to be considered by the judge of the superior court, timely exceptions to the answer of the magistrate should have been filed as to each of the assignments of error in the petition as to which the answer was silent. If the magistrate's reply to these exceptions had sustained the allegations of the petition as to the errors alleged, the judge of the superior court would have been in position to rule upon the points presented; and if the magistrate's answer to the exceptions denied the truth of the statements of the petition, the petitioner would have had his right of traverse. The plaintiff in certiorari can not complain of error on the part of the judge of the superior court in overruling the grounds of error alleged in the petition for certiorari as to which the answer of the magistrate is silent, for it is his duty to see that the justice makes a full and correct answer; and if he fails to do so, the petition for certiorari should be dismissed or the writ of certiorari overruled. *High Co.* v. *Ga. Ry. & Power Co.,* 12 *Ga. App.* 505-506 (77 S. E. 588).

There is one assignment of error in the petition for certiorari which is verified by the answer of the magistrate, and we think the judge of the superior court erred in overruling this ground of the certiorari, and that the error complained of is of such materiality as to have required that a new trial be granted by an order sustaining the certiorari. As appears from the answer of the magistrate, "a certain paper was offered as a receipt by the defendant. Said paper read as follows: 'Georgia, Carroll Co. Personally appeared before me V. B. Hesterly, who, being duly sworn, says he sold D. C. Crider groceries for the City Supply Co., of Carrollton, Ga. Deponent further swears that D. C. Crider paid deponent for said Supply Co. This May 6th, 1913. [Signed] V. B. Hesterley.—Sworn to and subscribed before me this May 7th, 1913. [Signed] W. M. Talley, J. P.' The court ruled out above paper, as it was not in the form of a receipt, and had been before the court before as an affidavit and not as a receipt."

"A receipt is an acknowledgment of the fact of payment or other settlement between debtor and creditor." Dobbin *v.* Perry, 1 Rich. (S. C.) 32, 33. A receipt is not a contract; it is a mere admission in writing. Ryan *v.* Ward, 48 N. Y. 204, 208 (8 Am. R. 539);

Sargeant v. National Life Ins. Co., 189 Pa. 341 (41 Atl. 351). Under our code, a receipt is only prima facie evidence of payment, and is subject to explanation. Civil Code, § 5795. In 1 Greenleaf on Evidence, § 305, it is said that receipts "may be either mere acknowledgments of payment or delivery, or they may also contain a contract to do something in relation to the thing delivered. In the former case, and so far as the receipt goes only to acknowledge payment or delivery, it is merely prima facie evidence of the fact, and not conclusive, and therefore the fact which it recites may be contradicted by oral testimony. But in so far as it is evidence of a contract between the parties, it stands on the footing of all other contracts in writing, and can not be contradicted or varied by parol." See Thompson v. Williams, 30 Kan. 114 (1 Pac. 47, 48); Cass v. Brown, 68 N. H. 85 (44 Atl. 86); 7 Words and Phrases, 5989. The paper offered in the present case did not contain any semblance of a contract, and was in effect a mere acknowledgment on the part of the signer that the defendant had paid him, for the plaintiff, for the goods purchased by the defendant. The statement therein that the payment was made for the plaintiff amounts to no more than that the signer assumed to sign as agent for the plaintiff; and the proof of agency would have to be established by other evidence in the case. To our minds, the scope and effect of the paper is not different from what it would have been if the language employed had been: "May 6th, 1913. Received of D. C. Crider payment in full for groceries sold him by me for the City Supply Company. [Signed] V. B. Hesterley, Agent City Supply Company." The paper in question being merely a written acknowledgment of the receipt of money, not containing an affirmative obligation upon either party to it,—a mere admission in writing of the fact of payment,—and there being evidence in the record which would have authorized an inference that the person whose name was signed to it was an agent of the plaintiff, it should have been admitted, to be considered by the jury in connection with the evidence of agency. If the jury found that Hesterley was an agent authorized to collect for the City Supply Company, and believed the paper containing the admission to be genuine, they might have been authorized to find in favor of the defendant's plea that the account in suit had been fully paid. In a case in which the controlling issue for the determination of the jury is whether the account which

is the basis of the suit has or has not been paid, and when the evidence upon this subject is in conflict, it is error to exclude a written acknowledgment of payment of the account by the defendant, purporting to have been signed by one whom some of the testimony showed to have been an authorized agent of the plaintiff, merely because the written acknowledgment of payment is in the form of an affidavit, and notwithstanding the paper might previously have been offered as an affidavit and rejected. The paper was offered as a receipt, and, though verification by oath is not essential to the validity of a receipt, it does not necessarily invalidate a paper which, without such verification, could properly be construed as an acknowledgment of payment, and therefore included within the definition of a receipt. While the fact that a receipt is sworn to does not add to the weight of the acknowledgment of payment, verification of the admission does not affect its classification as mere prima facie evidence, subject to be varied or explained by parol.

*Judgment reversed.*