## 30775. Flag Fish Company Inc. v. Mann Seafood Inc.

MacIntyre, J. 1. "An invoice is simply a writing showing the articles sold, with the selling price of each. . . The invoice price of an article is a circumstance to be considered in determining what is its actual value, but it is far from conclusive on the question." *Southern Fire Ins. Co.* v. *Knight*, 111 *Ga.* 622, 631 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216).

2. "Invoices 'are admissions which are not absolutely binding. They may be explained and put to silence by all the facts and circumstances characterizing the true import of the dealings to which they refer.'" *Furst* v. *Commercial Bank*, 117 *Ga.* 472, 474 (43 S. E. 728).

3. "In 1 Greenleaf on Evidence, § 305, it is said that receipts 'may be

. . mere acknowledgments of . . delivery, or they may also contain a contract to do something in relation to the thing delivered . . so far as the receipt goes only to acknowledge . . delivery, it is merely prima facie evidence of the fact, and not conclusive, and therefore the fact which it recites may be contradicted by oral testimony.'" *Crider* v. *City Supply Co.*, 16 *Ga. App.* 377, 379 (85 S. E. 350).

4. In the instant case the fact that some of the articles were inadvertently sold by the purchaser before it was discovered that the articles were not of the quality required by the contract of sale would not alone interfere with his right to refuse to accept the rest; the purchaser being chargeable with the market value, if any, of such of the articles as were not offered to be returned for the reason above mentioned. *Armsby Co.* v. *Shewmake*, 113 *Ga.* 1086 (39 S. E. 473).

5. The invoice of the plaintiff, which showed 100 boxes of medium porgies [fish] at $8 per box, totaling $800, and upon which was marked in writing the receipt of the defendant, was introduced in evidence, and together with the other evidence, would. have authorized the jury to find that some of the boxes of fish (a small part of the whole), which were inadvertently sold, were of the value of $8, and that the remaining cases were returned in a reasonable time to the seller because they were not of the quality required by the contract of sale. The evidence at least furnished data from which the jury could have, if they had so desired, found a verdict for a less amount than that sued for. *Armsby Co.* v. *Shewmake*, supra.

6. The granting of a first new trial upon the direction of a verdict for the plaintiff in the full amount sued for will not be disturbed, the verdict in the amount directed not having been demanded by the evidence. *Lawson* v. *Lawson*, 61 *Ga. App.* 787 (7 S. E. 2d, 603); *Carter* v. *Powell*, 57 *Ga. App.* 360, 374 (195 S. E. 466).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED MAY 19, 1945.

*Joseph M. Brown,* for plaintiff.
*William A. Fuller, C. R. Wheeless,* for defendant.