37591. LUPO & COMPANY, INC. *v.* BROWN-WRIGHT HOTEL SUPPLY CORPORATION.

DECIDED APRIL 8, 1959.

*Harris & Gower,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Jack P. Etheridge,* contra.

NICHOLS, Judge.   The defendant, in support of its contention that the trial court erred in denying its motion for new trial, relies on Code § 96-108 and on a paper introduced in evidence by the plaintiff, which paper the defendant contends was an invoice which showed, among other things: the selling price of the machinery, to whom sold, the date of the order, the date and number of the invoice, the requisition number, the terms of the sale, to wit: net 10 days, and the following statement: "Brown-Wright Hotel Supply Corp. assumes no responsibility for verbal or other agreements entered into by salesmen and customers not noted on this order in writing, and signed by the purchaser, and title to the goods to remain in Brown-Wright Hotel Supply Corp. until fully paid for."   In addition to the above, the paper showed in printed blocks thereon, the initials of the plaintiff's salesman and the initials of the person approving the extension of credit to the defendant by the plaintiff corporation.   The paper was not signed by either party to the alleged contract of sale upon which recovery was sought.

Code § 96-108, supra, provides: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale."

While the paper introduced in evidence has printed thereon, "Customer's Copy" it does not appear from the record that such paper was ever delivered to the defendant, and although such paper had a blank for "Customer's Signature" it did not appear

that either the plaintiff or the defendant signed the paper, nor did it appear, either from the paper or the oral evidence, that the defendant purchased the machinery in accordance with the terms written on the paper that title was to remain in the seller until the full purchase price was paid.

However, even assuming, but not deciding, that the paper was an invoice as contended by the defendant, " 'An invoice is not a bill of sale, nor is it evidence of a sale. It is a mere detailed statement of the nature, quantity, and cost or price of the things invoiced, and it is as appropriate to a bailment as it is to a sale. . . . Hence, standing alone, it is never regarded as evidence of title.' Dows *v.* Bank, 91 U. S. 630. Such invoices 'are admissions which are not absolutely binding. They may be explained and put to silence by all the facts and circumstances characterizing the true import of the dealings to which they refer. Thompson *v.* Barnum, 49 Ia. 392.' *National Bank* v. *Goodyear,* 90 *Ga.* 729." *Furst Bros.* v. *Commercial Bank of Augusta,* 117 *Ga.* 472, 474 (43 S. E. 728). See also *Flag Fish Co.* v. *Mann Seafood,* 72 *Ga. App.* 484 (34 S. E. 2d 294). Therefore, the paper which the defendant contends was an invoice would not demand a judgment for the defendant when the oral evidence adduced on the trial showed that the terms of the contract did not contain any provision for the retention of title in the seller until the purchase price was fully paid. The general rule of law that delivery to the carrier is delivery to the purchaser (*Rhodes, Dolvin & Co.* v. *Continental Furniture Co.,* 2 *Ga. App.* 116, 119, 58 S. E. 293), is applicable in the present case. The judgment for the plaintiff was supported by the evidence, and the trial court did not err in denying the defendant's motion for new trial based on the usual general grounds.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*