CHARLES CARROLL (Ret.), Associate Judge.
This is an appeal by the state from an order dismissing an information. We find error and reverse.
The information contained 38 counts. In each of the first 36 counts the appellees, herein referred to as the defendants, were charged with uttering a false instrument, therein described as “A false Super Bowl X Ticket” (with facsimile of the ticket shown) with intent to injure and defraud the National Football League and other persons, in violation of Section 831.02 Florida Statutes 1975. The 37th count charged the defendants with possession of ten or more such described false forged tickets with intent to utter them as true, and thereby to injure and defraud the NFL and others, in violation of Section 831.08. The 38th count charged the defendants with possession of more than ten pieces of false money or coins with intent to utter or pass them as true, in violation of Section 831.15.
Each of the defendants filed a motion to dismiss the information. Therein, .among other things, defendants contended such tickets were not among the instruments or items listed in Section 831.01 of the forgery statute, and therefor that the uttering thereof was not an offense under Section 831.02 of the statute.
Upholding that contention, the trial court entered an order dismissing all of the counts of the information, except the 38th count relating to the coins. The order of dismissal stated as follows:
“It is Ordered and Adjudged that the Defendants’ Motion to Dismiss counts I through XXXVII is hereby granted on the grounds that a ticket of admission to a sporting event is not a ‘receipt for money’ or other writing mentioned in Section 831.01, Florida Statutes, nor is it *364 ‘a note’ or other writing payable to the bearer thereof as required by Section 831.08, Florida Statutes.”
On this appeal therefrom the state argues, and we agree, the trial court was in error in holding that the Super Bowl tickets were not receipts for money or other writings mentioned in Section 831.01 Florida Statutes 1975.
We hold that such tickets are within the forgery statute, as being receipts for money, the false forging or counterfeiting of which with intention to injure or defraud any person would constitute an offense under Section 831.01, and the utterance of which with intent to injure or defraud any person would constitute an offense of Section 831.02, of the statute.
The fraudulent intent which can be said to be involved in the creation of such false tickets and the utterance and passing thereof for value, the actual loss and deception to the parties who buy them and the injury and inconvenience which their utterance and sale inflicts on the NFL and others impels close scrutiny of the statute to determine its inclusion or exclusion of such items.
The items listed in Section 831.01 Florida Statutes 1975 are extensive and comprehensive. They include “any receipt for money, goods or other property”. A valid Super Bowl ticket of the kind involved in this case, when sold and issued to a purchaser thereof, operates as a receipt to the purchaser in return for an expenditure of money, in this instance $20.00. It constitutes the only receipt issued for payment of the money.
Since payment of a charge is required to be made by a spectator to entitle him to enter the stadium or place within which the athletic contest is to be held, a person who seeks to enter as a spectator must present some instrument in the form of a receipt evidencing his payment of the admission charge. In the conduct of such a business or sporting event, it is the ticket which is issued upon payment of the admission charge that stands as the receipt for such payment, and upon the basis of which receipt the holder thereof is recognized as one who has paid the required admission charge and is granted admission. In view of the office, purpose and attributes thereof, we are without difficulty in classifying tickets of the kind involved here as constituting receipts for money, and within the scope of the forgery statute.
The making of false admission tickets with intent to defraud persons has been recognized as forgery thereof in other instances. Benson v. McMahon, 127 U.S. 457, 8 S.Ct. 1240, 32 L.Ed. 234 (1888); Jordan v. Concho Theatres, Inc., 160 S.W.2d 275, 276 (Tex.Civ.App.1941).
For such an item to constitute a receipt for money it is not necessary that it bear any signature, or false signature of the seller, or that the amount paid therefor be stated [although in this instance the tickets showed the amount of their cost]. For example, see Greer v. Los Angeles Athletic Club, 84 Cal.App. 272, 258 P. 155 (1927). And see Crider v. City Supply Co., 16 Ga.App. 377, 85 S.E. 350 (1915).
We hold to be without merit the argument of the appellees that because tickets or evidence of transportation issued by common carriers are listed on the forgery statute it was intended to exclude therefrom all other false or forged tickets, and that therefore the false tickets involved here should not be considered to be receipts for money. On the contrary, the express recognition in the statute that a common carrier ticket can be the subject of forgery thereunder would indicate legislative awareness that such tickets represent a receipt for a charge required of a passenger for transportation, and, being such, were expressly included in the statute to assure that they should not be regarded otherwise.
We also find no merit in the argument of the appellees that since various types of tickets, including those for admission to an athletic contest, are listed in the section of the Fraudulent Practices Act which makes it an offense to offer for sale or sell any such tickets for an amount in *365 excess of $1.00 above the price charged therefor by the original seller [Section 817.-36 Florida Statutes 1975], that fact should be considered as indicating legislative intent that the forging of tickets such as these would not be an offense under the forgery statute because those various types of tickets were not likewise listed in the forgery statute. The two statutes have no direct connection. One deals with forging instruments with intent to defraud. The other deals with improper resale of valid tickets.
For the reasons stated, we hold the defendants’ motions to dismiss the information should have been denied. The order appealed from is reversed, and the cause is remanded for further proceedings.
It is so ordered.