## 66876. HILL AIRCRAFT & LEASING CORPORATION v. CINTAS CORPORATION.

CARLEY, Judge.

Appellee-plaintiff began to supply certain uniforms to appellant-defendant for which it charged and received payment. After approximately a year, appellant's new supervisor discovered that some of the uniforms worn by appellant's employees were ill-fitting. Appellant's supervisor brought this problem to the attention of appellee's deliveryman and inquired whether jean-cut pants in dark brown could be supplied. The deliveryman responded that appellee did not carry such a uniform and indicated that there was nothing he could do. Appellant's supervisor then returned all of the uniforms to appellee. Subsequently, appellee

initiated the instant action alleging that appellant had wrongfully breached a "rental garment service contract" entered into by the parties. Appellee sought to recover pursuant to a provision in the alleged contract whereby appellant agreed that in the event of a cancellation of the rental agreement, appellant would "buy back" all of the garments at a listed replacement value. Appellant answered, denying the material allegations of the complaint, and counter-claimed, alleging appellee's breach of the parties' "at will" rental agreement. Following a bench trial, a judgment was entered in favor of appellee. Appellant appeals.

1. Appellant asserts that the trial court erred in admitting into evidence a document which appellee offered as a written rental service agreement between the parties.

"A proper foundation must be laid for the introduction of documentary evidence . . ." *Williams v. Southern R. Co.,* 99 Ga. App. 503 (2) (109 SE2d 343) (1959). "As a general rule, a writing will not be admitted into evidence unless the offering party tenders proof of the authenticity or genuineness of the writing. [Cit.] There is no presumption of authenticity, and the burden of proof rests upon the proffering party to establish a prima facie case of genuineness. [Cits.]" *Martin v. State,* 135 Ga. App. 4, 6 (3) (217 SE2d 312) (1975). See also OCGA § 24-7-1 (Code Ann. § 38-701).

The rental service agreement bore the signature of "George (Mac) McDaniel, line chief," immediately after appellant's name. "An unrecorded written contract or similar instrument, if bearing a signature, must be shown to have been signed, or authorized or ratified by the person by or for whom it purports to be signed." Green, Ga. Law of Evidence (2nd ed.), § 89. See generally *Bell Bros. v. Western & Atlantic R. Co.,* 125 Ga. 510, 513 (2) (54 SE 532) (1906). "[I]f an instrument recites that it is signed by A as agent for P, not only must additional proof be given that A actually did the signing, but also of the fact that he was P's agent and authorized to sign." McCormick on Evidence, 2nd ed. § 218. See also *Taylor v. Hartsfield,* 134 Ga. 478, 479 (3) (68 SE 70) (1910); *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297, 298 (7) (125 SE 773) (1924). Appellee tendered no evidence whatsoever to show that the signature was in fact the signature of Mr. McDaniel. Furthermore, while there was evidence that Mr. McDaniel at one time worked for appellant, there was no evidence whatsoever that Mr. McDaniel was authorized to enter into such an agreement as an agent for appellant. *Scott v. Kelly-Springfield Tire Co.,* supra.

Appellee, however, asserts on appeal that although there is no direct evidence that Mr. McDaniel was authorized to enter into the rental agreement as appellant's agent, there was evidence to support

a finding that appellant subsequently ratified the agreement. See Green, Ga. Law of Evidence (2nd ed.) § 89.

" 'When the fact of agency is to be proved by the *subsequent ratification* and adoption of the act by the principal, there must be *evidence* of previous knowledge, on the part of the principal, of *all the material facts.*' [Cits.]" (Emphasis in original.) *Southeastern Fidelity Fire Ins. Co. v. State Farm &c. Ins. Co.,* 118 Ga. App. 861, 865 (2) (165 SE2d 887) (1968). The evidence cited by appellee to support a finding of subsequent ratification by appellant is the fact that appellant had paid rent for the uniforms in the amount called for by the terms of the rental agreement. However, such evidence is fully consistent with the appellant's contention that, while there was an oral agreement which was terminable at the will of either party, there was no enforceable written contract between the parties. Appellant did not deny that it had rented uniforms from appellee, but denied only that it had entered into an enforceable written contract containing a "buy back" provision. There is no evidence that appellant had previous knowledge of the existence of the alleged written contract or any of its provisions, such as the "buy back" clause appellee sought to enforce. We find no evidence of ratification of the rental service agreement which would establish an agency relationship whereby Mr. McDaniel had authority to enter into enforceable contracts on behalf of appellant. *Shivers v. Barton & Ludwig,* 164 Ga. App. 490, 492 (296 SE2d 749) (1982); *Adams Loan &c. Co. v. Dolvin Realty Co.,* 48 Ga. App. 183, 184 (3) (172 SE 606) (1933); *Callaway v. Kerr Glass Mfg. Co.,* 44 Ga. App. 576 (162 SE 307) (1931). Based upon the foregoing, we find that the trial court erred in admitting the rental service agreement into evidence. See *Scott v. Kelly-Springfield Tire Co.,* supra; *Taylor v. Hartsfield,* supra; *Jenkins v. Boone,* 144 Ga. 44 (85 SE 1042) (1915).

2. Appellant further contends that the trial court erred in admitting into evidence, over appellant's objection, a memorandum prepared by appellee's service manager. The trial court admitted the memorandum as a business record. "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." OCGA § 24-3-14 (b) (Code Ann. § 38-711).

Appellee's general manager testified at trial that it is the regular course of appellee's business for the service manager to write a

memorandum to the general manager concerning the facts surrounding any termination of appellee's service by a customer. Such a memorandum is made a part of the permanent files, and is kept in the possession of the general manager. The witness testified that the particular memorandum in question was a report made by the service manager describing the events surrounding the termination of service to appellant. The memorandum was given to the witness by the service manager and had remained in the witness' possession and control. Furthermore, the witness testified that the memorandum was made on October 30, 1981, near the time that the events recorded therein had occurred.

The trial court was clearly authorized to find that the memorandum was admissible as a business record under OCGA § 24-3-14 (Code Ann. § 38-711). The record was not rendered inadmissible because it contained self-serving declarations. This would go to the credibility of the document, not its admissibility. *Strother v. South Expressway,* 132 Ga. App. 771, 772 (2) (209 SE2d 93) (1974); *Whitehead v. Joiner,* 234 Ga. 457, 458 (3) (216 SE2d 317) (1975). Compare *Maryfield Plantation v. Harris Gin Co.,* 116 Ga. App. 744, 747 (4) (159 SE2d 125) (1967).

3. In light of our holding in Division 1, it is unnecessary to address appellant's remaining enumerations of error, which are dependent upon the admission of the contract into evidence. See generally, *Ayer v. Chapman,* 141 Ga. 377, 378 (2a) (81 SE 198) (1913).

4. For reasons discussed in Division 1, the judgment of the trial court must be reversed.

*Judgment reversed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 6, 1984.

*James F. Stovall III,* for appellant.
*Lawrence D. Kupferman,* for appellee.