## A98A0331. GODWIN v. CALDWELL.
(500 SE2d 49)

ELDRIDGE, Judge.

Defendant-appellant Charles Godwin appeals a jury verdict in favor of plaintiff-appellee Felicia Caldwell. We affirm.

Godwin owned a piece of residential property in Thunderbolt, Chatham County, that he rented to Caldwell in February 1992. Although Godwin testified that he had previously rented the property for $350 per month, it is undisputed that Caldwell's rent was $200 per month. Godwin testified that his waiver of the additional $150 per month in rent was intended to be a credit toward Caldwell's minor repair and general maintenance of the property. However, Caldwell testified that she expended several thousands of dollars in repairs and improvements on the property in reliance upon an agreement that she would have the right of first refusal when Godwin decided to sell the property.

In the spring of 1993, the parties agreed on a purchase price of $43,500 for the property. However, the sale did not take place; the facts are in dispute as to which party was responsible. Godwin subsequently received an offer of $44,500 for the property. On July 7, 1993, he wrote a letter to Caldwell which allegedly summarized their previous ongoing conversations about the sale of the property; the letter

also included his assertion that Caldwell had been given the opportunity to purchase the property and had refused the offer. In this letter, Godwin also notified Caldwell that he had sold the property to another individual and that Caldwell must vacate the property by September 1, 1993.

Caldwell did not directly respond to Godwin's letter, but instead immediately filed suit to compel Godwin to perform his alleged contract to sell the property to her for $43,500; in the alternative, she sought damages for breach of contract and unjust enrichment. A jury trial was held in November 1995. The jury found no breach of contract, but awarded Caldwell $9,000 in damages, finding that Godwin was unjustly enriched by Caldwell's efforts to restore the property. Godwin moved for a new trial, which was denied, and he appeals.

In his sole enumeration of error, Godwin asserts that the trial court erred in denying his motion for new trial; such motion was premised upon the court's failure to give a requested jury charge that recited the language of OCGA § 24-4-23. That statute provides as follows: "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter to his correspondent and to adopt them."

In this case, following Godwin's objection for failure to so charge the jury, the trial court responded, "I deliberately did not give that. I think mainly because I think the law ought to be that that presumption only applies between business men who have a regular course of dealings by letter and I'd like to see the law clarified in that respect. So I've got to give you something to appeal on if you lose."

However, in construing this statute, this Court has previously held that "a strict mutual correspondence, in the sense of an exchange of several letters, is not always necessary. The statute refers to the 'ordinary course of business,' and the question is whether the evidence shows such a 'due course of business' as to warrant the application of this Code section. *Western Union Tel. Co. v. Nix*, 73 Ga. App. 184, 191 (3) (36 SE2d 111) (1945)." (Punctuation omitted.) *Crotts Enterprises v. John Payne Co.*, 219 Ga. App. 173, 175 (464 SE2d 844) (1995). The phrase "due course of business" has been construed to apply "to those cases where two parties have carried on a mutual correspondence in reference to a particular matter, and one of the parties has written a letter to the other making statements concerning a subject of which the latter has knowledge, and which the latter would naturally deny if not true." *Western Union Tel. Co. v. Nix*, supra at 191 (3). As such, the facts of this case support a finding that Godwin and Caldwell were involved in a course of business to which this statute would apply.

Even so, this Court has held that "the requested charge was an incomplete statement of law. The presumption arising from a failure to answer a letter is not a presumption of law, but one of fact, and subject to explanation. The charge requested by [Godwin] was incomplete because it did not include any clarification that the presumption stated was not one of law but of fact and subject to explanation; in other words that it was a rebuttable presumption. Accordingly, we find no error." (Citations and punctuation omitted.) *Bakery Svcs. v. Thornton Chevrolet*, 224 Ga. App. 31, 36 (8) (479 SE2d 363) (1996); *Lyons Mfg. Co. v. Cedarbaum*, 174 Ga. App. 218, 219-220 (329 SE2d 559) (1985).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 24, 1998.

*Duffy, Feemster & Lewis, Robert J. Duffy, John R. Strother III,* for appellant.

*Calhoun & Associates, Jonathan J. Hunt,* for appellee.