## S00A1754. SANDLIN v. THE STATE.
### (542 SE2d 496)

FLETCHER, Presiding Justice.

A jury convicted Jan Barry Sandlin of felony murder in the death of four-month-old Matt Golder.[1] Sandlin appeals, contending that the trial court erred in excluding a statement Matt's mother made to a social worker fourteen years after the death. Because the trial court did not abuse its discretion in excluding the statement, we affirm.

The evidence at trial showed that when the crime occurred in 1971, Sandlin lived with Kathie Almon, Matt's mother, and Tracy Golder, Sandlin and Almon's two-year-old daughter. One day Kathie and Tracy went out to do errands and left Sandlin alone with Matt. Kathie testified that when she returned home, she brought Tracy into the living room and asked Sandlin to watch her. She then tried to check on Matt, but Sandlin told her to get the laundry first. After Kathie brought the laundry in, Tracy was not in the living room; Kathie found Tracy in Matt's crib with Matt on the floor. Kathie rushed Matt to the hospital, but he died later that day. Medical experts testified that the severity of Matt's injuries was not consistent with a simple fall from a crib and that a two-year-old child would not be physically capable of lifting a four-month-old baby out of a crib to throw him on the floor. The state also presented evidence that Sandlin had mistreated Matt previously. The defense contended that the death was an accident caused by Tracy throwing Matt out of

---

[1] The crime occurred December 27, 1971. The grand jury indicted Sandlin on June 23, 1997 on two counts of felony murder, with cruelty to children and aggravated assault as the underlying felonies. At a jury trial held in October and November 1998, Sandlin was found guilty on both counts. The trial court sentenced Sandlin to life imprisonment. Sandlin filed a motion for new trial on November 25, 1998, which he amended on March 6, 2000, and which the trial court denied on April 14, 2000. Sandlin filed a timely notice of appeal and the case was docketed in this Court on July 13, 2000 and oral argument was held on October 10, 2000.

the crib.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Sandlin guilty of the crime charged.[2]

2. Sandlin sought to introduce a prior inconsistent statement allegedly made by Kathie Almon regarding the events of the day Matt died. In 1985, Kathie sought counseling for Tracy. Kathie gave a family history to a social worker as part of the intake process and Sandlin sought to introduce the typed copy of the social worker's notes of the interview. At trial, the social worker could not remember Kathie or her statement. The social worker testified that she interviewed patients or their families to obtain a social history. As she talked with the patient, she took notes in an informal shorthand, which a typist later transcribed. Once she gave her handwritten notes to the typist, the social worker did not review the typed statement.

The trial court correctly held that the statement at issue here was inadmissible as a past recollection recorded or under the medical diagnosis exception to the hearsay rule. After reviewing the typed statement, the social worker testified that her memory was not refreshed and she was unwilling to swear that the statement accurately reflected the interview as required under OCGA § 24-9-69.[3] Nor was there any showing that the minute details of the day Matt died were reasonably pertinent to diagnosis or treatment.[4]

Even if statements do not fit within any traditional hearsay exception, they may be admissible if they were "originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability."[5] Under exceptional circumstances the exclusion of such evidence may constitute a denial of due process.[6] This Court has analyzed this due process right as part of the necessity exception to the hearsay rule and has required a showing of "particularized guarantees of trustworthiness" "coupled with circumstances which attribute verity" to the statement.[7]

Unlike statements traditionally admitted under this exception, the statement here was not made spontaneously shortly after the incident, but was given fourteen years later.[8] There was no corroborating evidence supporting the statement; in fact, the declarant

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Mincey v. State*, 257 Ga. 500, 505 (360 SE2d 578) (1987).

[4] *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) (1991).

[5] *Chambers v. Mississippi*, 410 U. S. 284, 300 (93 SC 1038, 35 LE2d 297) (1973).

[6] Id. at 302.

[7] *Turner v. State*, 267 Ga. 149, 154-155 (476 SE2d 252) (1996).

[8] Compare *Chambers*, 410 U. S. at 292-293 (statements made within days of the murder).

acknowledged that during the intervening time, she told many different versions of the events of that day. Additionally, the social worker testified that she used an informal shorthand, never reviewed the statement once it was typed, and could not be certain that the typed statement accurately reflected what Kathie Almon said. Under these circumstances, we conclude that the trial court did not abuse its discretion in finding that the social worker's typed statement was inadmissible.

3. The state presented three doctors who testified as experts regarding the physical capabilities of a two-year-old child. These doctors had specialized knowledge of the development and motor skills of infants and children that was beyond the knowledge of the average juror, and, therefore, the trial court did not err in permitting their testimony.

4. The state presented evidence from which the jury could infer that Sandlin had previously mistreated Matt by throwing pepper in his face. Evidence of a defendant's animus towards his victim is admissible.[9]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Brenda J. Bernstein, Steven H. Sadow,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, John H. Petrey, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.

---

[9] *Wall v. State,* 269 Ga. 506, 509 (500 SE2d 904) (1998).