A07A1863. WHEELER v. IDN-ARMSTRONG'S, INC.
(653 SE2d 835)

ELLINGTON, Judge.

Following a bench trial, the State Court of Cobb County granted judgment in favor of IDN-Armstrong's, Inc. ("IDN") in its suit on an open account against Randall Wheeler and Charles Poff. After the trial court denied Wheeler's motion for a new trial, Wheeler appeals, contending the trial court erred "in according probative value to the testimony of a witness which contradicted the terms of an unambiguous written instrument." For the reasons that follow, we affirm.

The record shows that IDN supplied goods to A-Metro Lock & Safe ("A-Metro") pursuant to an application for an open account executed by Wheeler and Poff as A-Metro's owners. At trial, IDN submitted a set of invoices for goods delivered to, and accepted by, A-Metro. Although each invoice is marked "paid" in the box provided for the "due date," IDN's account manager testified that none of the invoices had actually been paid. The account manager explained that when IDN places an account for collection, as it did with A-Metro's account, IDN removes each invoice from its list of accounts payable. If an invoice is reprinted after an account is removed from the accounts payable list, the bookkeeping database IDN uses will mark such an invoice "paid" even if the invoice has not in fact been paid. Wheeler disputed the amount IDN claimed was due and testified that he paid cash every time IDN delivered goods to A-Metro. After finding that Wheeler's evidence that the invoices were paid was "not persuasive," the trial court entered judgment in favor of IDN in the amount demanded.

Wheeler contends that the account manager's explanation of the "paid" notation constitutes parol evidence improperly admitted to contradict the terms of an unambiguous written instrument. See OCGA § 24-6-1 ("Parol contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid written instrument."). As a result, Wheeler contends, the trial court should have ignored this evidence and based its judgment on the remaining probative evidence, that is, the invoices which were marked "paid" and his own testimony that he paid cash every time goods were delivered.

Wheeler failed to identify any authority, however, and we have found none, for the premise that each of IDN's invoices to A-Metro

constitutes "a valid written instrument" as that term is used in OCGA § 24-6-1. Generally, the term " 'instruments' refers only to those written legal documents that define rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." (Citation and punctuation omitted.) *Walls v. Walls*, 278 Ga. 206, 209 (599 SE2d 173) (2004) (Carley, J., concurring specially). Furthermore, the purpose of the parol evidence body of rules[1] "is to establish the finality of written contracts." (Citations omitted.) *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 501 (1) (189 SE 13) (1936). See generally John K. Larkins, Jr., Georgia Contracts: Law and Litigation, § 9-8 (2007).

With the limited reach of the parol evidence rule in mind, we note that under Georgia law an invoice for goods delivered on open account is not a contract or similar legal document that defines rights, duties, entitlements, or liabilities. An invoice is "a mere detailed statement of the nature, quantity, and cost or price of the things invoiced." (Citations and punctuation omitted.) *Lupo & Co. v. Brown-Wright Hotel Supply Corp.*, 99 Ga. App. 410, 412 (108 SE2d 767) (1959). It follows that an invoice for goods delivered on open account is not "a valid written instrument" as that term is used in OCGA § 24-6-1. As we have held, an invoice "may be explained and put to silence by all the facts and circumstances characterizing the true import of the dealings to which they refer." (Citations and punctuation omitted.) *Lupo & Co. v. Brown-Wright Hotel Supply Corp.*, 99 Ga. App. at 412. Furthermore, when marked "paid" by the supplier, as in this case, an invoice for goods delivered on open account may be deemed a receipt for payment. The codified parol evidence rule specifically provides, however, that "[r]eceipts for money are always only prima-facie evidence of payment and may be denied or explained by parol." OCGA § 24-6-9.

Because the subject invoices do not constitute written instruments, as Wheeler contends, the trial court did not err in considering evidence which explained the "paid" notation on the invoices.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 6, 2007.

*James B. Gordon*, for appellant.

---

[1] John K. Larkins, Jr., Georgia Contracts: Law and Litigation, § 9-8 (2007) (the parol evidence rule is "actually an intricate body of rules codified in ten separate sections of the Evidence title of the Code and in one section of the Contracts title") (punctuation and footnote omitted). See OCGA §§ 13-2-2 (1); 24-6-1 through 24-6-10.

*Charles M. Gisler, J. Michael Kaplan*, for appellee.