## A09A1393. JERKINS v. JERKINS.
### (686 SE2d 324)

BERNES, Judge.

At issue in this appeal is whether the trial court erred in allowing the closing attorney in a real estate transaction to read to the jury a letter memorializing a conversation between the attorney and the appellant's deceased father. The appellant contends that a proper foundation was not laid for introduction of the evidence as a past recollection recorded, and that the evidence was inadmissible because it was hearsay and a self-serving declaration. For the following reasons, we affirm.

The record shows that the decedent, Lee F. Jerkins, had three sons, Gregory, Keith, and Jeffrey. Gregory, as executor of the decedent's estate, sued his brother Keith, claiming that Keith had breached his fiduciary duties as a former executor of the estate. Gregory also asked that the trial court declare the legal relations of the parties to the estate. Keith responded that the declaration of rights should include a determination of Gregory's indebtedness to the estate.

The relevant facts surrounding the dispute over Gregory's indebtedness were as follows. The decedent's wife and mother of the three sons predeceased the decedent in 1995. Each of the sons received an advance from the decedent on the amount he was to receive from his mother's estate, including $10,000 advanced to Gregory. At that time, Gregory also was indebted to the decedent in the amount of $215,000 based on a separate loan.

The decedent's wife left a house to the decedent in her will. For estate tax purposes, the decedent disclaimed the bequest, allowed the house to pass to his three sons, and then repurchased it from them. Attorney Elbert Whitmire handled the purchase and sale of the home, which proceeded as a typical real estate transaction that closed on August 11, 1995.

As part of the closing, the advances that had been paid to the three sons were deducted from each son's share of the net proceeds of the sale of the home. In addition to the other closing documents, the decedent executed an Acknowledgment and Receipt (the "Receipt") that provided:

> The undersigned, LEE F. JERKINS, hereby acknowledges receipt of the following amounts from the individuals indicated: R. Keith Jerkins[:] $20,000[;] Jeffrey H. Jerkins[:] $10,000[;] Gregory L. Jerkins[:] $10,000[.] The above sums represent payment in full of all indebtedness owing by the above said individuals to the undersigned as of the date hereof.

The decedent, Keith, and Jeffrey attended the closing. Gregory lived out of the state and did not attend. According to Whitmire, he discussed the closing documents with those present, including the Receipt that had been prepared by Whitmire and executed by the decedent. Whitmire further testified that when he prepared the Receipt, the indebtedness he had in mind "were the amounts advanced in connection with the distribution from the estate" of the decedent's wife, and that he had no knowledge at that time of any separate outstanding debts that Gregory might have owed to the decedent.

Whitmire mailed a package containing the closing documents to Gregory, including the Receipt. Gregory — not understanding that his $10,000 advance was to be repaid by an offset against his share of the net proceeds of the sale of the home — mailed to Whitmire a $10,000 check made payable to the decedent to repay his advance. Thereafter, on August 14, 1995, Whitmire sent Gregory a letter by certified mail in which he returned the $10,000 check and explained that the amount of the advance had already been withheld from the sale proceeds (the "Letter"). In the second paragraph of the Letter, Whitmire wrote:

> Also, after the closing, your father and brothers explained to me that the Acknowledgment and Receipt which your father signed, and which you should have a copy of in the package which I sent, was intended to deal only with the advances which your father made against the amounts the three of you were to receive from your mother's estate. The receipt was not intended to address any other indebtedness which you might owe your father.

Whitmire concluded the Letter by stating, "Please let me know if you have any questions. As always, I will be glad to discuss any of these matters with you."

Gregory received the Letter. Whitmire never received any response from Gregory.

Prior to trial, Gregory filed a motion in limine to exclude any evidence of the alleged conversation between Whitmire and the decedent concerning the intent behind the Receipt. He contended that Whitmire had no independent recollection of the content of his conversation with the decedent referenced in the Letter, that the Letter could not be read to the jury as a past recollection recorded, and that the Letter was inadmissible because it constituted hearsay and a self-serving declaration. The trial court denied the motion.

At trial, Gregory contended that the $215,000 he had owed to the decedent had been released by the Receipt. To counter this conten-

tion, Whitmire was permitted to read the Letter to the jury during the course of his testimony. After hearing all of the evidence, the jury returned a verdict finding that Gregory owed $404,329 to the decedent's estate. This amount included the $215,000 in indebtedness which Gregory contended had been released. Gregory subsequently moved for a new trial on the ground that the trial court erred in denying his pre-trial motion in limine, and the trial court denied the motion, leading to this appeal.

1. Gregory contends that the trial court erred in allowing Whitmire to read the Letter to the jury in order to explain the intent behind the Receipt.[1] According to Gregory, a proper foundation was not laid for the Letter to be read to the jury as a past recollection recorded. We disagree.

OCGA § 24-9-69 provides that "[a] witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he shall finally speak from his recollection thus refreshed *or shall be willing to swear positively from the paper.*" (Emphasis supplied.) If the witness swears positively from the paper, the paper takes the place of present recollection and can be read to the jury by the witness at trial. See *Morris v. State*, 275 Ga. 601, 604 (4) (571 SE2d 358) (2002). See also Alexander Scherr, *Green's Georgia Law of Evidence*, § 130, p. 503 (6th ed. 2008). "In order for a witness to swear positively from paper, it is essential that the witness should at some time have had personal knowledge of the correctness of the paper, but it is not necessary that the witness have present recollection of the contents." (Punctuation and footnote omitted.) *Morris*, 275 Ga. at 604 (4). See also *Sizer & Co. v. Melton & Sons*, 129 Ga. 143, 151 (58 SE 1055) (1907). "If the witness made the memorandum himself, his knowledge of its correctness is sufficiently shown by his testimony that he remembers making a correct record of the facts and recognizes as such record the memorandum produced." (Citation and punctuation omitted.) *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 707 (1) (a) (423 SE2d 387) (1992).

Whitmire testified that he personally prepared the Letter, and that the conversation concerning the scope of the Receipt that was recounted in the Letter occurred no more than three days before the Letter was prepared. While Whitmire could not presently recall being told by the decedent that the release from indebtedness contained in the Receipt was intended to be limited in scope, Whitmire testified that based on the wording of the Letter he

---

[1] OCGA § 24-6-9 provides that "[r]eceipts for money are always only prima-facie evidence of payment and may be denied or explained by parol." Gregory does not dispute that parol evidence, if otherwise competent, was admissible to explain the Receipt. See *Wheeler v. IDN-Armstrong's*, 288 Ga. App. 253, 254 (653 SE2d 835) (2007).

believed that such a conversation with the decedent and Gregory's two brothers had taken place. This testimony established that Whitmire memorialized the conversation in the Letter when it was fresh in his mind and that he believed that the Letter was true and accurate when written. Accordingly, a proper foundation was laid for Whitmire to read the Letter to the jury as a past recollection recorded. See *Morris*, 275 Ga. at 604 (4); *Platt*, 205 Ga. App. at 707-708 (1) (a). Compare *Sandlin v. State*, 273 Ga. 440, 441 (2) (542 SE2d 496) (2001).

2. Gregory also contends that the trial court erred in admitting the out-of-court statement of the decedent referenced in the Letter because it was inadmissible hearsay. We disagree because the decedent's statement was admissible as an admission by silence of Gregory. See *Harrison v. State*, 238 Ga. App. 485, 488 (1) (c) (518 SE2d 755) (1999) (admission of challenged hearsay testimony will be affirmed if right for any reason).

Admissions of a party opponent are admissible as an exception to the hearsay rule. *Tennyson v. State*, 282 Ga. 92, 93 (3) (646 SE2d 219) (2007). "Acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36. See *Sutton v. Winn Dixie Stores*, 233 Ga. App. 424, 426 (504 SE2d 245) (1998). More specifically,

> in the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them.

OCGA § 24-4-23.

> The phrase "due course of business" has been construed to apply to those cases where two parties have carried on a mutual correspondence in reference to a particular matter, and one of the parties has written a letter to the other making statements concerning a subject of which the latter has knowledge, and which the latter would naturally deny if not true.

(Citation and punctuation omitted.) *Godwin v. Caldwell*, 231 Ga. App. 523, 524 (500 SE2d 49) (1998). See also *Crotts Enterprises v. John Payne Co.*, 219 Ga. App. 173, 175 (4) (464 SE2d 844) (1995); *Merry v. Ga. Big Boy Mgmt.*, 135 Ga. App. 707, 710-711 (3) (218 SE2d 694) (1975). Thus, we have held that "[w]here a letter from one party to a contract to the other party showed that the writer placed

a different construction on a contract than did the other party, the latter's silence was acquies[c]ence in such construction." *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 373 (3) (283 SE2d 326) (1981). See also *Robert Half of Atlanta v. Diversitech Corp.*, 208 Ga. App. 427, 428 (430 SE2d 800) (1993); *Peninsular Naval Stores Co. v. Parrish*, 13 Ga. App. 779, 780 (80 SE 28) (1913).

Here, Whitmire mailed a package containing the closing documents to Gregory, including the Receipt, and Gregory mailed the $10,000 check to Whitmire based on the erroneous assumption that he needed to do so in order to pay off the advance he had received that was referenced in the Receipt. Whitmire in turn responded by mailing the Letter to Gregory in which he returned the $10,000 check and set forth his conversation with the decedent concerning the intent behind the Receipt. Gregory received the Letter but never responded to it.

Under these circumstances, Gregory's failure to respond could be construed as an acquiescence to the construction of the Receipt set forth in the Letter. See *Godwin*, 231 Ga. App. at 524; *Crotts Enterprises*, 219 Ga. App. at 175 (4); *Robert Half of Atlanta*, 208 Ga. App. at 428; *Salvatori Corp.*, 159 Ga. App. at 373 (3); *Merry*, 135 Ga. App. at 710-711 (3); *Peninsular Naval Stores Co.*, 13 Ga. App. at 780. The decedent's statement contained in the Letter, therefore, was admissible as an admission by silence of Gregory. See OCGA §§ 24-3-36; 24-4-23.

3. Gregory further contends that the decedent's statement referenced in the Letter was inadmissible because it was a self-serving declaration of the decedent. Even if the statement was self-serving, it was admissible since there was evidence, as discussed in Division 2, that Gregory adopted the statement as his own through silence. See, e.g., *Hill Aircraft &c. Corp. v. Cintas Corp.*, 169 Ga. App. 747, 750 (2) (315 SE2d 263) (1984) (memorandum admissible under business record exception to the hearsay rule was not rendered inadmissible because it contained self-serving declarations).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 2, 2009.

J. Hue Henry, for appellant.

Hudson, Montgomery & Kalivoda, David R. Montgomery, for appellee.